MARK W. ROBERTSON (S.B. #200220)
mrobertson@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone:  +1 212 326 2000
Facsimile:   +1 212 326 2061

JASON ZARROW (S.B. #297979)
jzarrow@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone:  +1 213 430 6000
Facsimile:   +1 213 430 6407

Attorneys for Defendant
American Airlines, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE

| | |
|---|---|
| ARI NACHISON, SHANNA NACHISON, DERRICK GALLAGHER, ABIGAIL GALLAGHER, ERIC LINK, MIRANDA LINK, ELLIOT WEINER, and RACHEL FEIT, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN AIRLINES, INC.,<br><br>　　　　　Defendant. | Case No. 5:24-cv-00530-PCP<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT [FED. R. CIV. P. 12(B)(2), FED. R. CIV. P. 12(B)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date:　May 2, 2024<br>Time:　　　　10:00 a.m.<br>Courtroom:　　8<br>Judge:　　　　Hon. P. Casey Pitts |

# NOTICE OF MOTION AND MOTION

TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 2, 2024, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 8 of the above Court, located on the 4th Floor of the Robert F. Peckham Courthouse, at 280 South First Street, San Jose, CA 95113, Defendant American Airlines, Inc. ("American") will and does move, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the claims asserted by Plaintiffs Derrick Gallagher, Abigail Gallagher, Eric Link, Miranda Link, Elliott Weiner, and Rachel Feit. In addition, American will and does move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' claim for unjust enrichment.

American's motion to dismiss the claims brought by Derrick Gallagher, Abigail Gallagher, Eric Link, Miranda Link, Elliott Weiner, and Rachel Feit is made on the basis that this Court lacks personal jurisdiction over these plaintiffs' claims against American.

American's motion to dismiss Plaintiffs' second cause of action is made on the basis that Plaintiffs' unjust enrichment claim is preempted by the Airline Deregulation Act ("ADA").

This Motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, all pleadings and papers on file with the Court in this action, and on such other matters as may be presented to the Court at or before the hearing of this Motion.

1
2   Dated:  March 4, 2024
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MARK W. ROBERTSON
O'MELVENY & MYERS LLP


By:  */s/ Mark W. Robertson*
      Mark W. Robertson
Attorneys for Defendant
American Airlines, Inc.

# TABLE OF CONTENTS

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1
I. INTRODUCTION ........................................................................................................... 1
II. PLAINTIFFS' ALLEGATIONS ..................................................................................... 2
III. ARGUMENT ................................................................................................................... 4
    A. Plaintiffs Derrick Gallagher, Abigail Gallagher, Eric Link, Miranda Link, Elliot Weiner, and Rachel Feit Cannot Establish That This Court Has Personal Jurisdiction Over Their Claims. ............................................................................ 5
        1. The Gallaghers, Links, Weiner, and Feit Cannot Establish General Jurisdiction ................................................................................................. 5
        2. The Gallaghers, Links, Weiner, and Feit Cannot Establish Specific Jurisdiction ................................................................................................. 5
    B. Plaintiffs' Unjust Enrichment Claim Is Preempted By The ADA. ......................... 7
        1. The ADA Preempts State-Law Claims Relating To Air Carriers' Rates, Routes, Or Services ..................................................................................... 7
        2. Plaintiffs' Unjust Enrichment Claim Relates To Rates And Services Of An Air Carrier ................................................................................................. 10
        3. Leave To Amend Should Be Denied ....................................................... 12
IV. CONCLUSION .............................................................................................................. 12

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AM Trust v. UBS AG*,
   681 F. App'x 587 (9th Cir. 2017) .................................................................................. 5

*American Airlines, Inc. v. Wolens*,
   513 U.S. 219 (1995) ............................................................................................ 8, 9, 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................ 4

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
   874 F.3d 1064 (9th Cir. 2017) ....................................................................................... 4

*Bristol-Myers Squibb Co. v. Super. Ct.*,
   582 U.S. 255 (2017) ................................................................................................ 5, 6, 7

*Brown v. United Airlines, Inc.*,
   720 F.3d 60 (1st Cir. 2013) .......................................................................................... 11

*Buck v. American Airlines, Inc.*,
   476 F.3d 29 (1st Cir. 2007) .......................................................................................... 11

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ........................................................................................................ 5

*FDIC v. Dintino*,
   167 Cal. App. 4th 333 (2008) ................................................................................. 10, 11

*Ford Motor Co. v. Mt. Eighth Judicial Dist. Ct.*,
   592 U.S. 351 (2021) ........................................................................................................ 7

*Hakimi v. Societe Air France, SA*,
   Case No. 18-cv-01387-JSC, 2018 WL 4826487 (N.D. Cal. Oct. 4, 2018) ............. 10, 12

*Lehman v. USAIR Group, Inc.*,
   930 F. Supp. 912 (S.D.N.Y. 1996) .............................................................................. 11

*Morales v. Trans World Airlines, Inc.*,
   504 U.S. 374 (1992) .................................................................................................... 7, 8

*Northwest, Inc. v. Ginsberg*,
   572 U.S. 273, 280 (2014) ..................................................................................... 8, 9, 10

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ...................................................................................... 4, 5

*Shrem v. Southwest Airlines Co.*,
   Case No. 15-cv-04567-HSG, 2016 WL 4170462 (Aug. 8, 2016) ........................... 11, 12

*Williams v. Yamaha Motor Co.*,
   851 F.3d 1015 (9th Cir. 2017) ..................................................................................... 4, 6

**Statutes**

49 U.S.C. § 41713 ................................................................................................................. 8

Cal. Civ. Proc. Code § 410.10 ............................................................................................ 4

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**Rules**

Fed. R. Civ. P. 4(k)(1)(A) .................................................................................................... 4

Federal Rule of Civil Procedure 12(b)(2) ........................................................................... 4

Federal Rule of Civil Procedure 12(b)(6) ........................................................................... 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiffs assert claims for breach of contract and unjust enrichment, alleging that American Airlines impermissibly terminated their frequent flyer accounts after they opened "multiple" credit cards to obtain frequent flyer miles. The actual facts will show that Plaintiffs committed fraud and abuse, which fully justified American terminating their membership in the AAdvantage program, per that program's terms and principles of contract law. But even under their version of events, it is clear that Plaintiffs are suing to restore frequent flyer miles that they obtained through gamesmanship—namely, promotional offers directed to *other* people.

American moves to dismiss the claims of six of the named Plaintiffs—Derrick Gallagher, Abigail Gallagher, Eric Link, Miranda Link, Elliott Weiner, and Rachel Feit—for lack of personal jurisdiction. American is neither headquartered in California nor does it have its principal place of business in California, so there is no basis for general jurisdiction. And specific jurisdiction is lacking because those Plaintiffs' claims do not arise out of or relate to conduct in this forum. They are suing a non-California defendant on contracts that were entered into and allegedly breached outside California. Their unjust enrichment claims suffer from the same defect: they are based on conduct and alleged injuries occurring entirely outside this State.

American also moves to dismiss Plaintiffs' second cause of action for unjust enrichment because it is preempted by the Airline Deregulation Act (the "ADA"). Plaintiffs allege that, under state law, "[i]t would be inequitable and unjust for [American] to retain the benefits it received by unlawfully terminating Plaintiffs' AAdvantage accounts." (FAC ¶ 268.) That is not true, but as a matter of law, the ADA prohibits such a claim in the first place.

The Supreme Court has explained the scope of ADA preemption in three decisions, which together hold that the ADA preempts state-law claims related to

the rates, routes, or services of an air carrier—with the sole exception being a claim for breach of contract based on a carrier's own, self-imposed undertakings. Courts applying these decisions—including in this District—consistently hold that the ADA preempts unjust enrichment claims.

## II. PLAINTIFFS' ALLEGATIONS

American "provides air travel to passengers in the United States both domestically and internationally." (FAC ¶ 15.) American is incorporated in Delaware and its headquarters is located in Fort Worth, Texas. (*Id.* ¶ 10.) Plaintiffs are former members of American's "frequent flyer reward program called the AAdvantage program ('AAdvantage')." (*Id.* ¶¶ 2-9, 16.) Only Plaintiffs Ari and Shanna Nachison were California residents when their accounts were terminated.[1] (*Id.* ¶¶ 54, 80.) Plaintiffs Eric Link and Miranda Link are currently residents of Michigan, (*id.* ¶¶ 148, 166), and Elliot Weiner and Rachel Feit are currently residents of Connecticut, (*id.* ¶¶ 182, 204). Neither the Links nor the Gallaghers nor Weiner nor Feit allege that they resided in California when they opened their AAdvantage accounts or when their accounts were terminated. (*See id.* ¶¶ 148, 166, 182, 204.)

Traditionally, members of frequent flyer programs purchase tickets for air travel and their accounts are credited with the number of "miles" that they earn based on those tickets/flights. (*Id.* ¶ 20.) Members' accounts, however, can also be credited with bonus miles in other ways, including as relevant here, by obtaining an American-branded credit card. (*Id.* ¶ 21.)

Plaintiffs are former AAdvantage members whose memberships were terminated by American due to "violations of the General AAdvantage Program Conditions … related to the accrual of ineligible miles and benefits; through fraud, misrepresentation and/or abuse of the AAdvantage Program." (*Id.* ¶¶ 74, 92, 118,

---

[1] Derrick Gallagher and Abigail Gallagher are currently California residents, but were residents of Missouri when their accounts were terminated. (*Id.* ¶¶ 98, 125.)

143, 161, 199, 220, 224.) Plaintiffs allege that "Citibank ('Citi') and Barclays are co-branding partners" that issue American-branded credit cards. (*Id.* ¶ 22.) Plaintiffs allege that they opened "multiple" American-branded credit cards, though they do not specify how many "multiple" is. (*Id.* ¶¶ 59, 67, 85, 103, 111, 130, 138, 153, 187, 194, 209.)[2]

Plaintiffs applied for these "credit card accounts under [their] own name and social security number" and claim they "did not engage in fraud when applying for and opening" these credit card accounts. (*Id.* ¶¶ 52, 59, 67, 85, 103, 111, 130, 138, 153, 171, 187, 194, 209.) They concede, however, that they used promotional offers that were sent to friends and family members—i.e., that were not sent to them—in opening these accounts, without which they would not have received miles for opening multiple accounts. (*Id.* ¶¶ 57, 83, 101, 128, 185, 207.)[3]

They assert two causes of action. First, Plaintiffs allege breach of contract. According to Plaintiffs, they had a contractual entitlement to remain in the AAdvantage program that American breached when it "terminated Plaintiffs' AAdvantage accounts." (*Id.* ¶ 43.) Plaintiffs provide a link to the AAdvantage Terms & Conditions, which are available on American's website, but they do not quote any of the contractual language—much less explain what provision of the Terms & Conditions they allege American somehow breached.

Second, Plaintiffs allege unjust enrichment. Plaintiffs allege, upon information and belief, that American "accepted and retained the benefits conferred

---

[2] In a period of approximately two and a half years, Eric Link opened 20 American-branded credit cards and received 19 bonuses for which he was ineligible, totaling 1,095,000 improperly acquired miles.

[3] While Plaintiffs allege that their "friends and family members" gave them their promotional offers, some of these "friends and family members" were not real people. Rather, they were made-up names used to defraud American into opening AAdvantage accounts for people who did not exist to generate a promotional offer that could then be used to obtain bonus miles by Plaintiffs.

by Citi and Barclays" and that "[i]t would be inequitable and unjust for [American] to retain these benefits from Citi and Barclays." (*Id.* ¶¶ 263, 265.) They similarly allege that American "profited from its unlawful decision to terminate Plaintiffs' AAdvantage accounts" and that "[i]t would be inequitable and unjust for [American] to retain the benefits it received by unlawfully terminating Plaintiffs' AAdvantage accounts." (*Id.* ¶¶ 266, 268.)

## III.   ARGUMENT

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. Plaintiffs "bear[] the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). In assessing whether a defendant is subject to personal jurisdiction, courts engage in a two-pronged inquiry—(1) whether personal jurisdiction is permitted under the forum state's long-arm statute; and (2) whether personal jurisdiction complies with constitutional due process. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (citing Fed. R. Civ. P. 4(k)(1)(A)). California authorizes its courts to exercise personal jurisdiction "to the full extent that such exercise comports with due process." *Id.* (citing Cal. Civ. Proc. Code § 410.10). Accordingly, "the jurisdictional analyses under California state law and federal due process are the same.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017) (brackets and quotations omitted).

Federal Rule of Civil Procedure 12(b)(6) permits a motion for "failure to state a claim upon which relief can be granted." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor must the Court "accept as true a legal conclusion couched as a factual allegation." *Id.* Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

**A. Plaintiffs Derrick Gallagher, Abigail Gallagher, Eric Link, Miranda Link, Elliot Weiner, and Rachel Feit Cannot Establish That This Court Has Personal Jurisdiction Over Their Claims.**

To establish that the exercise of jurisdiction over American is consistent with due process, a plaintiff must establish that the requirements of either general jurisdiction or specific jurisdiction are met. *See Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017). Six of the plaintiffs here cannot do so.

**1. The Gallaghers, Links, Weiner, and Feit Cannot Establish General Jurisdiction.**

In order to establish that the Court has general jurisdiction over American, Plaintiffs must show that American's "affiliations with [California] are so 'continuous and systematic' as to render [American] essentially at home in [California]." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). A corporation is typically considered "at home" only where it is incorporated or has its principal place of business. *Id.* at 137; *AM Trust v. UBS AG*, 681 F. App'x 587, 588 (9th Cir. 2017). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801.

This Court lacks general jurisdiction over American because it is not incorporated in California and does not have its principal place of business here. Rather, as Plaintiffs admit, American is incorporated in Delaware and its principal place of business is in Texas. (FAC ¶ 10.) "[F]or jurisdictional purposes, [American] is a citizen of the States of Delaware and Texas." (*Id.*) Accordingly, Plaintiffs have not met their burden of demonstrating general jurisdiction.

**2. The Gallaghers, Links, Weiner, and Feit Cannot Establish Specific Jurisdiction.**

American also is not subject to specific personal jurisdiction as to these Plaintiffs' claims. Courts may "exercise specific jurisdiction over a non-resident defendant only when three requirements are satisfied: (1) the defendant either

purposefully directs its activities or purposefully avails itself of the benefits afforded by the forum's laws; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable." *Williams*, 851 F.3d at 1023 (internal quotation marks and citation omitted). Plaintiffs cannot satisfy this standard because their claims have *no* nexus to California.

    **a. These Six Plaintiffs' claims do not arise out or relate to conduct in California.**

Where, as here, nonresident plaintiffs bring suit based on defendant's forum-related activities, "a defendant's general connections with the forum are not enough." *Bristol-Myers Squibb Co.*, 582 US at 264. There must be an "adequate link between the State and the nonresidents' claims." *Id.*

Here, there is no link between these Plaintiffs' claims and California. The Links, Weiner, and Feit are not California residents. (*See* FAC ¶¶ 148, 166, 182, 204.) The Links reside in Michigan, and both Weiner and Feit reside in Connecticut. (*Id.*) Although the Gallaghers currently reside in California, they resided in Missouri when their AAdvantage accounts were terminated. (*Id.* ¶¶ 98, 125.) None of these Plaintiffs alleges that he or she opened an AAdvantage program account in California or opened Citi-AAdvantage credit cards in California. (*See id.* ¶¶ 98-222.) And none challenges actions that American took in California. They do not allege that American instituted the credit-card reward program from California or terminated AAdvantage memberships in California. (*See id.* ¶¶ 148, 166, 182, 204.) In short, there is no connection between this forum and these six Plaintiffs' claims. They allege only that American is registered to do business in California and maintains a base in California, (*id.* ¶ 12), but those activities are unrelated to Plaintiffs' claims and thus are insufficient to establish specific jurisdiction.

      **b.    Specific personal jurisdiction over the Nachisons' claims does not establish jurisdiction over the other Plaintiffs' claims.**

These Plaintiffs have sued alongside the Nachisons who were California residents at the time their AAdvantage accounts were terminated, but that does not change the outcome. Specific jurisdiction as to one plaintiff does not establish jurisdiction for other plaintiffs, even those asserting "identical claims brought by the State's residents." *Ford Motor Co. v. Mt. Eighth Judicial Dist. Ct.*, 592 U.S. 351, 369 (2021). That is the core holding of *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255 (2017). There, the California Supreme Court had held that it could exercise personal jurisdiction over nonresidents' claims against the manufacturer of the prescription drug, Plavix, "because the claims of the nonresidents were similar in several ways to the claims of California residents (as to which specific jurisdiction was uncontested)." *Id.* at 260. The Supreme Court reversed. "The mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* at 265. What was needed—and what was missing—was "a connection between the forum and the specific claims at issue." *Id.*

Just as with the nonresident plaintiffs in *Bristol Myers*, because there is no connection between California and these six Plaintiffs' claims, personal jurisdiction is lacking. *Id.* Here, Plaintiffs do not—and cannot—allege that California has any connection with the claims asserted by the Gallaghers, the Links, Weiner, or Feit.

**B.    Plaintiffs' Unjust Enrichment Claim Is Preempted By The ADA.**

    **1.    <u>The ADA Preempts State-Law Claims Relating To Air Carriers' Rates, Routes, Or Services.</u>**

Congress enacted the ADA "[t]o ensure that the States would not undo federal deregulation" of the airline industry. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992). The ADA's express purpose is "to leave largely

airlines themselves, and not at all to States, the selection and design of market mechanisms appropriate to the furnishing of airline transportation services. . . ." *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1995). Congress determined that "maximum reliance on competitive market forces would best further efficiency, innovation, and low prices as well as variety and quality of air transportation services.'" *Morales*, 504 U.S. at 378 (citation, quotations, brackets, and ellipses omitted).

The ADA includes a preemption clause providing that a state "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713. The phrase "relating to" is "a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with'—and the words thus express a broad pre-emptive purpose." *Morales*, 504 U.S. at 383 (internal citation omitted). Any state law claim "having a connection with or reference to airline rates, routes, or services" is preempted under the ADA. *Id.* at 384 (internal quotations omitted). The Supreme Court has twice reaffirmed the ADA's "broad preemptive purpose." *See Wolens*, 513 U.S. at 228–29; *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 280 (2014). All such state laws are preempted as applied to air carriers—including laws of general application, not just those that are specific to air carriers. In *Morales*, for example, the Supreme Court held that the ADA preempts state-law consumer protection statutes prohibiting deceptive advertising, when those statutes are applied to air fare advertising and frequent flyer programs. *Id.* at 387–90. In doing so, the Supreme Court rejected as "utterly irrational" the "notion that only state laws specifically addressed to the airline industry are pre-empted." *Id.* at 386.

In *Wolens*, the Supreme Court held that the ADA does *not* preempt breach of contract claims "seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." *Wolens*, 513 U.S. at 228. There, the plaintiffs (like

the Plaintiffs here) were "participants in American Airlines' frequent flyer program, AAdvantage," who brought suit challenging "cutbacks on the utility of credits previously accumulated," which they alleged violated the Illinois Consumer Fraud and Deceptive Business Practices Act and constituted a breach of contract. *Id.* at 225. The Court held that the ADA preempted the plaintiffs' claims under the Consumer Fraud Act because it "serves as a means to guide and police the marketing practices of the airlines; the Act does not simply give effect to bargains offered by the airlines and accepted by airline customers." *Id.* at 228. The Court further held, however, that "the ADA permits state-law-based court adjudication of routine breach-of-contract claims" because the ADA's preemption clause "stops States from imposing their own substantive standard with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated." *Id.* at 232–33. "This distinction between what the State dictates and what the airline itself undertakes confines courts, in breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *Id.* at 233.

In *Northwest, Inc. v. Ginsberg*, 572 U.S. 273 (2014), the Supreme Court made clear just how limited the *Wolens* exception to ADA preemption for breach of contract claims is. There, the plaintiff brought a claim for breach of the implied covenant of good faith and fair dealing based on Northwest's termination of his membership in its frequent-flyer program. The Court began by addressing "whether, as respondent now maintains, the ADA's pre-emption provision applies only to legislation enacted by a state legislature and regulations issued by a state administrative agency but not to a common-law rule like the implied covenant of good faith and fair dealing." *Id.* at 281. The Court had "little difficulty rejecting this argument. To begin, state common-law rules fall comfortably within the language of the ADA pre-emption provision." *Id.* "Exempting common-law

claims would also disserve the central purpose of the ADA." *Id.* at 283. "What is important, therefore, is the effect of a state law, regulation, or provision, not its form, and the ADA's deregulatory aim can be undermined just as surely by a state common-law rule as it can by a state statute or regulation." *Id.* Accordingly, the Court held that the plaintiff's claim for breach of the implied covenant of good faith and fair dealing under Minnesota law "must be regarded as a state-imposed obligation" and thus is preempted by the ADA. *Id.* at 286.

### 2. Plaintiffs' Unjust Enrichment Claim Relates To Rates And Services Of An Air Carrier.

Plaintiffs' unjust enrichment claim reaches beyond American's voluntary, self-imposed undertakings; if it did not, it would be entirely duplicative of the breach-of-contract claim. By definition, then, the unjust enrichment claims are preempted by the ADA. Indeed, consistent with Supreme Court precedent, the Northern District of California has repeatedly held that claims for unjust enrichment that relate to an air carrier's rates or services are preempted by the ADA. In *Hakimi v. Societe Air France, SA*, Case No. 18-cv-01387-JSC, 2018 WL 4826487 (N.D. Cal. Oct. 4, 2018), the Court granted the defendants' motion with prejudice, finding the plaintiff's unjust enrichment claim to be preempted by the ADA. The Court explained: "Defendants insist that the unjust enrichment claim is pre-empted by the ADA because it inherently looks outside the four corners of the parties' agreement. The Court agrees. Under California law, a claim for unjust enrichment imposes a state-created obligation outside the parties' private agreement." *Id.* at *4. Quoting California caselaw, *Hakimi* noted that a claim for unjust enrichment is "'*created by the law without regard to the intention of the parties*.'" *Id.* (emphasis in original; quoting *FDIC v. Dintino*, 167 Cal. App. 4th 333, 346 (2008)). *Hakimi* explained that "[a] common law claim that disregards the intent of the parties results in an 'enlargement or enhancement based on state laws or policies external to the agreement.'" *Id.* (quoting *Wolens*, 513 U.S. at 233). "In sum, because any remedy

for unjust enrichment would impose an obligation created by California law without considering the parties' bargain, the unjust enrichment claim is pre-empted by the ADA." *Id.* at *5.

The Northern District of California reached the same conclusion in *Shrem v. Southwest Airlines Co.*, Case No. 15-cv-04567-HSG, 2016 WL 4170462 (Aug. 8, 2016). In that case, "Defendant argue[d] that Plaintiffs' non-contract claims—fraud, negligence, and unjust enrichment—[we]re preempted under the ADA." *Id.* at *2. Again, the Court agreed. "The invocation of state remedies furthers a state policy that those who are wronged should have individualized access to the courts to remediate that wrong. And, it is the imposition of that state policy that would constitute forbidden state enforcement, in violation of the ADA's preemption provision . . . ." *Id.* at *4 (citation, quotations, and brackets omitted). "Accordingly, the Court conclude[d] that Plaintiffs' claims for negligence, fraud, and unjust enrichment [we]re preempted under the ADA, and that the *Wolen* exception d[id] not apply." *Id.*

Courts outside this District likewise routinely hold that state-law claims for unjust enrichment are preempted by the ADA. *See, e.g., Brown v. United Airlines, Inc.*, 720 F.3d 60, 71 (1st Cir. 2013) ("Unjust enrichment claims do not fall within the *Wolens* exception. Virtually by definition, unjust enrichment turns on sources external to any agreement between the parties—such as considerations of equity and morality—and is predicated on the *lack* of any agreement. A fortiori, the *Wolens* exception does not apply.") (citation and quotations omitted); *Buck v. American Airlines, Inc.*, 476 F.3d 29, 32, 37 (1st Cir. 2007) (affirming dismissal of unjust enrichment claim as preempted by the ADA); *Lehman v. USAIR Group, Inc.*, 930 F. Supp. 912, 915–16 (S.D.N.Y. 1996) (granting USAIR's Rule 12(b)(6) motion to dismiss and Continental's Rule 12(c) motion for judgment on the pleadings and dismissing unjust enrichment claims based on ADA preemption).

### 3. Leave To Amend Should Be Denied.

Leave to amend would be futile here because the ADA preempts unjust enrichment claims as a matter of law. There is no set of facts that Plaintiffs could allege that would change the legal conclusion that an unjust enrichment claim is based on public policies imposed by state law—not a mechanism for enforcing the parties' agreement with no enhancement or enlargement. Indeed, Plaintiffs already have a mechanism for enforcing the parties' agreement: their first cause of action for breach of contract, which is not at issue in this motion. Their claim for unjust enrichment, however, cannot be saved. That is why, when courts in this District have granted Rule 12(b)(6) motions to dismiss unjust enrichment claims based on ADA preemption, they have done so with prejudice. *See Hakimi*, 2018 WL 4826487 at *5 ("In sum, because any remedy for unjust enrichment would impose an obligation created by California law without considering the parties' bargain, the unjust enrichment claim is pre-empted by the ADA…. As no amendment could cure these defects, these claims are also dismissed with prejudice."); *Shrem v. Southwest Airlines Co.*, 2016 WL 4170462, at *4 ("[T]he Court concludes that Plaintiffs' claims for negligence, fraud, and unjust enrichment are preempted under the ADA, and that the *Wolen* exception does not apply. The Court GRANTS Defendant's motion to dismiss counts two through four with prejudice.").

## IV.  CONCLUSION

For these reasons, American respectfully requests that the Court dismiss Plaintiffs' second cause of action for unjust enrichment, and all claims brought by Plaintiffs Derrick Gallagher, Abigail Gallagher, Eric Link, Miranda Link, Elliott Weiner, and Rachel Feit.

Dated:  March 4, 2024

> MARK W. ROBERTSON
> O'MELVENY & MYERS LLP
>
> By:  */s/ Mark W. Robertson*
> Mark W. Robertson
> Attorneys for Defendant
> American Airlines, Inc.