Alex R. Straus (SBN 321366)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
280 South Beverly Drive
Beverly Hills, CA 90212
Tel.:    (917) 471-1894
Fax:    (310) 496-3176
Email: astraus@milberg.com

*Attorney for Plaintiff*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| ARI NACHISON, SHANNA NACHISON, DERRICK GALLAGHER, and ABIGAIL GALLAGHER, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>                    Defendant. | Case No. 5:24-CV-00530-PCP<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Hearing Date: May 2, 2024<br>Time: 10:00 AM<br>Courtroom: 8<br>Hon. P. Casey Pitts |

## **TABLE OF CONTENTS**

**Pages**

TABLE OF AUTHORITIES…………………………………………….. iii

I. INTRODUCTION…………………………………………... 1

II. STATEMENT OF RELEVANT FACTS……………………… 3

III. ARGUMENT…………………………………………….. 4

    A. This Court May Exercise Specific Personal Jurisdiction Over Defendant for Claims by California residents………………………………….. 4

        1. Defendant purposefully availed itself of the privilege of conducting business in California……………….. 5

        2. The Gallagher Plaintiffs' claims relate to Defendant's California-related Activities…………………….. 6

        3. Defendant's reliance on *Bristol-Myers* is misplaced, and the facts before the Court weigh in favor of exercising jurisdiction over the Gallagher Plaintiffs…………. 11

        4. Defendant has failed to demonstrate that the exercise of personal jurisdiction in this Court would be unreasonable……………………………………….. 15

IV. CONCLUSION…………………………………………….. 16

## TABLE OF AUTHORITES

**Page(s)**

Cases

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
   368 F.3d 1174 (9th Cir. 2004) ......................................................................... 2, 11

*Airlines, Inc.*,
   940 F. Supp. 1292 (N.D. Ill. 1996) ...................................................................... 15

*All World Prof. Travel Servs*., Inc., v. Am. Airlines, Inc.,
   282 F. Supp. 2d 1161 (C.D. Cal. 2003) ................................................... 15, 16, 17

*Ayla, LLC v. Alya Skin Pty. Ltd*.,
   11 F.4th 972 (9th Cir. 2021) ................................................................................... 6

*Bristol-Myers*,
   582 U.S. 255 (2017) ................................................................................. 1, 7, 10

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ........................................................................................ 5, 8

*Cabrera v. Bayer Healthcare, LLC*,
   No. LACV1708525JAKJPRX, 2019 WL 1146828 (C.D. Cal. Mar. 6, 2019) ....................... 11

*Charas v. Trans World Airlines, Inc.*,
   160 F.3d 1259 (9th Cir. 1998) ............................................................................... 16

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ............................................................................................... 4

*Daimler Trucks North America LLC v. Sup. Ct. of Los Angeles*,
   No. B316199, 296 Cal. Rptr. 3d 564 (Cal. Ct. App. July 7, 2022)............................ 6, 9, 10

*Davis v. Cranfield Aerospace Sols., Ltd.*,
   71 F.4th 1154 (9th Cir. 2023) .................................................................................. 5

*Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*,
   2017 WL 4224723 (N.D. Cal. Sep. 22, 2017) ....................................................... 2, 11

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
   592 U.S. 351 (2021) ............................................................................... 6, 7, 8, 9

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*,
   905 F.3d 597 (9th Cir. 2018) ................................................................................ 14

*Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*,
   972 F.3d 1101 (9th Cir. 2020) ............................................................................. 4, 5

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
   72 F.4th 1085 (9th Cir. 2023) ............................................................................. 4, 13

*In re Chinese-Manufactured Drywall Prods. Liability Litig.*,
   2017 WL 5971622 (E.D. La. Nov. 30, 2017) ........................................................ 2, 11

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984) ............................................................................................... 7

*Molock v. Whole Foods Mkt., Inc.*,
   297 F. Supp. 3d 114 (D.D.C. 2018) ....................................................................... 11

*Mussat v. IQVIA, Inc.*,
   19-1204, 2020 WL 1161166 (7th Cir. Mar. 11, 2020) .............................................. 11

*Rosenberg v. LoanDepot.com LLC*,
   No. CV 19-10661-NMG, 2020 WL 409634 (D. Mass. Jan. 24, 2020)............................ 11

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ................................................................................... 4, 5
*Sinatra v. Nat'l Enquirer, Inc.*,
   854 F.2d 1191 (9th Cir. 1988) ................................................................................... 14
*Sloan v. General Motors LLC*,
   287 F. Supp. 3d 840 (N.D. Cal. 2018) ("*Sloan I*") ............................................... *passim*
*Swamy v. Title Source, Inc.*,
   Case No. 17-01175 WHA, 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017) ................ 2
*Walden v. Fiore*,
   571 U.S. 277 (2014) .................................................................................................... 9
*World-Wide Volkswagen Corp. v. Wooden*,
   444 U.S. 286 (1980) .................................................................................................... 7

Statutes

49 U.S.C. § 41713(b)(1) ................................................................................................ 15

## I.   INTRODUCTION

This class action is filed in response to Defendant American Airlines, Inc.'s ("Defendant") wrongful termination of Plaintiffs' and the putative class members' AAdvantage program accounts. Plaintiffs allege Defendant materially breached its contracts with class members, resulting in the wrongful termination of airline reward miles and, thus, resulting in the loss of significant monetary value. Plaintiffs lawfully accrued their AAdvantage award miles through (1) purchases of consumer goods and services, (2) purchases of Defendant's flights, and (3) credit card enrollment bonuses.  Plaintiffs are all California residents seeking to  recover damages for ongoing injuries sustained in California.

Defendant moved to dismiss the claims of six of the named Plaintiffs—Derrick Gallagher, Abigail Gallagher, Eric Link, Miranda Link, Elliott Weiner, and Rachel Feit—for lack of personal jurisdiction.[1] *See* Defendant's Motion to Dismiss ("Defendant's Motion"), ECF No. 17, at 5-7. *Id.* at 7-11. In an effort to narrow the issues in dispute, Plaintiffs Eric Link, Miranda Link, Elliott Weiner, and Rachel Feit have moved to voluntarily dismiss their claims. ECF Nos. 23-26.

Defendant moves to dismiss the claims of the Derrick Gallagher's and Plaintiff Abigail Gallagher's (the "Gallagher Plaintiffs") because "[t]hey are suing a non-California defendant on contracts that were entered into and allegedly breached outside California." Defendant's Motion at 1.[2]  Thus, Defendant's argument in support of dismissal of the Gallagher Plaintiffs remain undisturbed.

---

[1] Defendant also moved to dismiss Plaintiffs' unjust enrichment claim, arguing that it is preempted. After a thorough analysis of relevant case law in the context of the allegations here, Plaintiffs acknowledge that the Airline Deregulation Act ("ADA") preempts unjust enrichment claims and concede this issue.  However, as Defendant acknowledges, "the ADA does *not* preempt [the] breach of contract claims" brought by Plaintiffs in this Action. Defendant's Motion at 8-9 (emphasis in original).

[2] Defendant has not moved to dismiss Plaintiff Ari Nachison's and Plaintiff Shanna Nachison's (the "Nachison Plaintiffs") claims for lack of personal jurisdiction. Thus, even if the Court were to determine that it lacks personal jurisdiction as to the remaining Plaintiffs—and Plaintiffs contend that this Court can properly exercise personal jurisdiction over the Gallagher Plaintiffs, *see infra* Section III.A.—the Nachison Plaintiffs' claims and those of the putative class members would remain.

Defendant's contention for dismissal relies exclusively on *Bristol-Myers Squibb Co. v. Superior Court* to argue that this Court cannot exercise personal jurisdiction over these specific Plaintiffs' claims because their claims do not arise out of or relate to Defendant's activities in California. *Id.* at 5 (citing *Bristol-Myers*, 582 U.S. 255, 262 (2017)). As discussed below, Ninth Circuit case law accords with the overwhelming weight of authority since *Bristol-Myers* holding that its limitations do not apply to class actions brought in federal court. This Court may exercise jurisdiction over absent class members, including the named California Plaintiffs and potentially out-of-state class members as well. *See, e.g.*, *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4224723 (N.D. Cal. Sep. 22, 2017) (rejecting the argument that *Bristol-Myers* precludes a court from exercising personal jurisdiction over the claims of absent class members who are out-of-state); *In re Chinese-Manufactured Drywall Prods. Liability Litig.*, 2017 WL 5971622, at *12-13 (E.D. La. Nov. 30, 2017) (same); *cf. Swamy v. Title Source, Inc.*, Case No. 17-01175 WHA, 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017) (rejecting the argument that *Bristol-Myers* precludes a court from exercising personal jurisdiction over the claims of out-of-state opt-in plaintiffs in a collective action). Here, Plaintiffs Ari Nachison, Shanna Nachison, Derrick Gallagher, and Abigail Gallagher are all California residents and putative class representatives bringing actions in federal court seeking redress for continuing harm occurring in California (and nationwide). Defendant does not—and cannot—present any precedential support for dismissing the claims of these California residents on jurisdictional grounds.

Notably, Defendant does not argue that this court lacks personal jurisdiction over the Nachison Plaintiffs, presumably in large part because they are California residents. *Cf.* Defendant's Motion at 5-7. Similarly, the Gallagher Plaintiffs are residents of California whose claims are properly brought in this Court. In addition to establishing personal jurisdiction over Defendant independently, the Gallagher Plaintiffs can rely on the doctrine of "pendent personal jurisdiction," which establishes that "a court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over

which the court does have personal jurisdiction." *Sloan v. General Motors LLC*, 287 F. Supp. 3d 840, 860 (N.D. Cal. 2018) ( "*Sloan I*") (quoting *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004)). Defendant has failed to provide any relevant, much less controlling, precedent to support dismissing the claims of the Nachison Plaintiffs or Gallagher Plaintiffs—all California residents—on jurisdictional grounds. Therefore, Defendant's motion to dismiss should be denied.

## II.    STATEMENT OF RELEVANT FACTS

Defendant launched its frequent flyer program, AAdvantage, in 1981. First Amended Complaint ("FAC"), ECF No. 14, ¶ 16. Members of the program can earn award miles and then use those miles to purchase program benefits such as flights, flight upgrades, car rentals, hotels, and other products. *Id.* ¶ 17. One of the most significant ways an AAdvantage member can earn miles is through obtaining a Defendant's branded credit card. *Id.* ¶ 21. Often, these branded credit cards offer enrollment bonuses for AAdvantage members, based on qualifying purchases with the credit card within a specified period. *Id.* ¶ 25-26. Defendant encourages AAdvantage members to open and use these credit cards by sending promotional enrollment bonus offers to members via mail and email. *Id.* ¶ 32, 36. Importantly, some of these promotional offers contained "Offer Availability" restrictions which limited the amount of enrollment bonuses a customer could receive during a 48-month period, while others did not contain any such restriction. *Id.* ¶¶ 33-35.

Plaintiffs Ari Nachison, Shanna Nachison, Derrick Gallagher, and Abigail Gallagher each maintained an individual AAdvantage account. *Id.* ¶¶ 55, 81, 99, 126. As AAdvantage members, they each received promotional materials inviting them to open Defendant's branded credit cards. *Id.* ¶¶ 57, 83, 101, 128. Based on these offers, they opened branded credit cards and made qualifying purchases within the required time period to earn enrollment bonuses. *Id.* ¶¶ 58-70, 84-90, 102-114, 129-141. Notably, none of the promotional offers used by the Plaintiffs contained offer availability or transferability restrictions. *Id.* ¶¶ 57, 83, 101, 128. Despite Plaintiffs lawfully opening their Defendant's branded credit cards and spending money to fulfill the enrollment bonus requirements, Defendant sent emails notifying each of the Plaintiffs that their AAdvantage

accounts had been terminated and all award miles (and tickets purchased with award miles) were forfeited. *Id.* ¶¶ 74, 92, 118, 143. As a result of Defendant's wrongful and unilateral termination of Plaintiffs' AAdvantage accounts, Plaintiffs suffered actual damages in the form of lost miles and cancelled flights, incurring economic harm.

## III.    ARGUMENT

### A.    This Court May Exercise Specific Personal Jurisdiction Over Defendant for Claims by California Residents.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). "Because California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution, [the Court's] inquiry centers on whether exercising jurisdiction comports with due process." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.,* 972 F.3d 1101, 1106 (9th Cir. 2020) (internal quotation marks omitted). "Federal due process permits a court to exercise personal jurisdiction over a nonresident defendant if that defendant has 'at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)). A court's basis for personal jurisdiction may either be "general," when a defendant is essentially at home in the forum, or "specific," for "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* at 1106-07. Here, the facts support the application of specific personal jurisdiction over Defendant.

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023). In analyzing specific personal jurisdiction, the Ninth Circuit has established a three-part test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related

activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id*. Once the plaintiff has established the first two prongs, "the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (internal quotation marks omitted).

### 1. Defendant purposefully availed itself of the privilege of conducting business in California.

Under the first prong this specific personal jurisdiction test, "both purposeful availment and purposeful direction ask whether defendants have voluntarily derived some benefit from their interstate activities such that they 'will not be hauled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts.'" *Global Commodities*, 972 F.3d at 1107 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)). Purposeful availment "exists when a defendant's dealings with a state establishes a 'quid pro quo'—where the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws,' and in return 'submit[s] to the burdens of litigation' in the State." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1163 (9th Cir. 2023), *cert. denied*, No. 23-775, 2024 WL 674875 (___ S. Ct. ___, Feb. 20, 2024) (quoting S*chwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

Here, there is no question that Defendant has purposefully availed itself of the privilege of conducting business in California such that the Court may exercise specific personal jurisdiction. Not only does Defendant conduct substantial business in California and in this District by operating flights into and out of the San Francisco International Airport, it "is registered to do business in California." FAC ¶ 12. Through this registration, Defendant has purposefully availed itself of the privileges to conduct business in California. Moreover, through its ongoing business—including through allowing California residents to enroll in AAdvantage accounts, to fly on Defendant's flights into and out of California, to accrue AAdvantage bonus miles through their purchases, and to open Defendant's branded credit cards using their California addresses (including based on promotional materials sent by Defendant to California residents)—

Defendant has purposefully directed its business to the state, leaving it undeniably open to being subject to this litigation. More to the point—and perhaps dispositively—Defendant has *not* argued that the Nachison Plaintiffs' claims should be dismissed for lack of personal jurisdiction. *See generally* Defendant's Motion. As to the Nachison Plaintiffs, who are California residents, Defendant does not appear to argue that it is beyond the reach of this Court's personal jurisdiction—and they may not raise this argument now. If Defendant concedes that it is subject to this Court's jurisdiction in responding to the claims of certain California resident Plaintiffs, then it is likewise subject to the specific personal jurisdiction arising from claims of other California resident Plaintiffs, like the Gallagher Plaintiffs.

### 2. The Gallagher Plaintiffs' claims relate to Defendant's California-related activities.

The Gallagher Plaintiffs have also satisfied the second prong of the specific personal jurisdiction inquiry by demonstrating that their claims relate to Defendant's California-related activities.[3] In *Ford Motor*, the Supreme Court foreclosed the view that specific personal jurisdiction requires a strict causal relationship between a defendant's forum-related activities and the litigation. *Ayla, LLC v. Alya Skin Pty. Ltd*., 11 F.4th 972, 983 n.5 (9th Cir. 2021) (citing *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021)). Additionally, the Supreme Court has "never framed the specific jurisdiction inquiry as always requiring proof of causation— *i.e.*, proof that the plaintiff's claim came about because of the defendant's in-state conduct." *Ford Motor Co.*, 592 U.S. at 362.

In support of its motion to dismiss the Gallagher Plaintiffs' claims, Defendant relies entirely on *Bristol-Myers*. Defendant's Motion 6. But since that case was first decided, courts, including the Supreme Court, have drawn "important distinctions" with *Bristol-Myers*. *Daimler Trucks North America LLC v. Sup. Ct. of Los Angeles*, No. B316199, 296 Cal. Rptr. 3d 564, 574 (Cal. Ct. App. July 7, 2022) (citing *Ford Motor Co.*, 592 U.S. at 369-70). Courts must consider

---

[3] As noted, Defendant does not challenge personal jurisdiction as to the Nachison Plaintiffs. *See generally* Defendant's Motion at 5-7.

other factors, such as the "plaintiff's residence," which "can be relevant in assessing the link between the defendant's forum contacts and the plaintiff's suit." *Id.* (quoting *Ford Motor Co.*, 592 U.S. at 371)). Because the Gallagher Plaintiffs currently reside in California, this consideration is relevant and weighs in favor of maintaining their claims in California before this Court.

Defendant argues that there is no link between the Gallaghers' claims and California because they "do not allege that Defendant instituted the credit-card reward program from California or terminated AAdvantage memberships in California." Defendant's Motion 6. But this argument, again, relies on *Bristol-Myers* while ignoring intervening precedent. Rather than *Bristol-Myers*, this case is more akin to *Ford Motor Company*—a case that considered *Bristol-Myers* and reached a different jurisdictional conclusion. In *Ford Motor Company*, the plaintiffs brought product liability claims against Ford in Minnesota and Montana. 592 U.S. at 354-55.[4] The plaintiffs, who were residents of Minnesota and Montana and were injured in car accidents in those states, brought suit in state court in their respective home states. *Id.* at 355. Ford, however, "contend[ed] that jurisdiction [was] improper because the particular car involved in the crash was not first sold in the forum State, nor was it designed or manufactured there." *Id.* The Supreme Court agreed with the lower courts, rejecting such an argument. *Id.* at 357. The Court held that Ford had indisputably purposefully availed itself in both Minnesota and Montana by selling its vehicles in each state, advertising its vehicles in each state, repairing its vehicles in each state, and "encouraging" consumers in each state to purchase Ford vehicles. *Id.* at 357, 361. In short, "by every means imaginable," Ford engaged in activities in the forum states. *Id.* at 365. Ford's "causation-only" argument—that is, it was not subject to personal jurisdiction solely because it had not directed its conduct specifically to Minnesota or Montana by selling the at-issue vehicles specifically to the plaintiffs in those states—was baseless and "[found] no support" in the case law. *Id.* at 361. Notably, the Court specified that such an argument failed even under *Bristol-*

---

[4] *Ford Motor Company* includes two separate cases presenting substantially the same personal jurisdictional issues, arising out of Minnesota and Montana state courts. 592 U.S. at 354.

*Myers*. *Id.* Rather, the case law "demands that the suit 'arise out of *or relate to* the defendant's contacts with the forum.'" *Id.* at 362 (quoting *Bristol-Myers*, 582 U.S. at 262) (emphasis in original). Because Ford "continuously and deliberately exploited a State's market, it must reasonably anticipate being haled into that State's courts" to defend itself for its products causing injury. *Id.* at 354 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984)); *see also World-Wide Volkswagen Corp. v. Wooden*, 444 U.S. 286, 297 (1980).

Just as Ford there, Defendant here must concede that it has "purposefully availed itself of the privilege of conducting activities" in California based on its substantial, continuous business activities. *See id.* at 361. Defendant challenges the Gallagher Plaintiffs' claims based on their not "open[ing] an AAdvantage program account in California or open[ing] Citi-AAdvantage credit cards in California." Defendant's Motion 6. This argument that "there is no connection between this forum and [the Gallagher Plaintiffs'] claims" is nothing more than a restatement of Ford's "causation-only" challenge—which was expressly rejected. *Ford Motor Co.*, 592 U.S. at 361, 371.

Defendant indisputably engages in substantial business in California—both by operating AAdvantage accounts for California residents, by promoting California residents to open Citi-AAdvantage credit cards, by operating flights into and out of California, by advertising in California, and by operating a base in the state and employing California residents—and is registered to do business in the state. *See* FAC ¶¶ 12, 57, 83. Defendant "continuously and deliberately exploited [California's] market," and enjoys the "benefits and protection of [California's] laws." *Ford Motor Co.*, 592 U.S. at 360, 364, 367 (citations omitted). Defendant, then, must be bound by its "reciprocal obligations" to defend itself against suit in California, as it is on "clear notice" of litigation arising out of the programs, products, and services it offers in the state *Id.* at 368. This is even more so when Defendant makes itself amenable to suit in the state against other California-resident plaintiffs (the Nachison Plaintiffs). Defendant cannot take an inconsistent position as to the Gallagher Plaintiffs, who are also California residents. To do so would, indeed, be unfair and permit a defendant to subvert due process.

The fact that the Gallagher Plaintiffs happened to open their AAdvantage accounts (and have them wrongfully terminated) while in Missouri does not impact the analysis. As current residents of California, the Gallagher Plaintiffs maintain a connection with the state. *See id.* at 370 (distinguishing *Bristol-Myers*, explaining that the *Ford Motor Company* plaintiffs were residents of the forum states and thus maintained the necessary connection between the litigation and the forum states). Moreover, California has "significant interests" in "providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985). Defendant would have the Gallagher Plaintiffs bring their claims in Missouri, a state where *neither party resides*, to determine a claim that does not impact its citizens. There is a substantially "less significant relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). To apply Defendant's view of personal jurisdiction would "undermine, rather than promote" due process—a regime already rejected by the Supreme Court under identical circumstances. *See Ford Motor Co.*, 592 U.S. at 368.

California courts have considered—and rejected—similar arguments previously. Put simply, the location of an injury when it first occurs is not the only forum that could maintain jurisdiction or have an interest in exercising jurisdiction. In *Daimler Trucks*, the California Court of Appeals considered whether California could exercise jurisdiction over resident plaintiffs' claims related to a truck accident which occurred in Oklahoma. 296 Cal. Rptr. 3d at 567, 69. It was "not seriously disputed" that the defendant did substantial business in the state and thus "purposefully availed" itself of the privilege of operating in California. *Id.* at 571-72. In analyzing whether the plaintiffs' claim "related to" the defendant's California contacts, the court held that, while the injury was suffered outside the forum, the harm continued in and the consequences of the injury were suffered in California. *Id.* at 574. Key in this analysis was the fact that the plaintiffs were California residents. *Id.* ("That [the plaintiffs] are both California residents weighs in favor of specific jurisdiction."). Moreover, the fact that the defendant "systematically served the California market" through its advertising, selling, and servicing its trucks in California weighed

in favor of the application of personal jurisdiction in California. *Id.* Similarly, while the Gallagher Plaintiffs lived in Missouri at the time Defendant wrongfully terminated their AAdvantage accounts, FAC ¶¶ 98, 125, their injuries continue and persist in California because they remain unable to open an AAdvantage account and Defendant continues to refuse, at a minimum, to restore their AAdvantage account or to reimburse them the monetary value of the total award miles lost (totaling more than 146,698 miles for Plaintiff Derrick Gallagher and approximately 170,000 miles for Plaintiff Abigail Gallagher).

Further, because the Gallagher Plaintiffs are California residents, California maintains a "significant interest" in this litigation to "provid[e them] with a convenient forum for redressing injuries inflicted by non-resident actors," which are "not nullified" simply because the injuries accrued in another state. *Daimler Trucks*, 296 Cal. Rptr. 3d at 575. Indeed, under Defendant's argument, the Gallagher Plaintiffs must pursue their claims in Missouri. But Missouri has no interest at stake in the litigation of current resident California plaintiffs' claims. And pursuit of the claim in that forum is inconvenient for both parties. It is inconvenient for the Gallagher Plaintiffs because they are no longer residents of Missouri. It is inconvenient for Defendant because they are likewise not a Missouri resident company, and, while not a California resident company, they are already litigating substantially the same claims by other California residents (the Nachison Plaintiffs) in this Court. The Court should maintain this Action not only because it is most convenient for the parties to do so, but because California—not Missouri—has an interest in the Gallagher Plaintiffs' claims.

Beyond these reasons already discussed, Defendant's reliance on *Bristol-Myers* is misplaced for a simpler reason: it does not apply to proposed class actions brought in federal court. The *Bristol-Myers* Court expressly left open the question whether its holding extended to federal courts, or whether it could apply to class actions. 582 U.S. at 1783-84. Other courts, including this one, have "not [been] persuaded that such a categorical extension is warranted." *Sloan I*, 287 F. Supp. 3d at 858. As the dissent made clear, *Bristol-Myers* "does not confront the question whether [it] would also apply to a class action in which a plaintiff injured in the forum

State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." *Id.* at 1789 n.4 (Sotomayor, J., dissenting).

*Sloan* is not alone in applying these distinctions and limitations. For example, in *Mussat v. IQVIA, Inc.*, the Seventh Circuit rejected the argument that unnamed class members had to show minimum contacts with the forum state and held that "the principles announced in *Bristol-Myers* do not apply to the case of a [proposed] nationwide class action filed in federal court." No. 19-1204, 2020 WL 1161166, at *1 (7th Cir. Mar. 11, 2020). To find differently would undermine the purpose and protections of Rule 23. *See id.* at *5 (citations omitted). Numerous other district courts, including in the Ninth Circuit and in this District, have reached the same conclusion. *E.g.*, *Rosenberg v. LoanDepot.com LLC*, No. CV 19-10661-NMG, 2020 WL 409634, at *13 (D. Mass. Jan. 24, 2020); *Cabrera v. Bayer Healthcare, LLC*, No. LACV1708525JAKJPRX, 2019 WL 1146828, at *7 (C.D. Cal. Mar. 6, 2019); *Molock v. Whole Foods Mkt., Inc.*, 297 F. Supp. 3d 114, 126 (D.D.C. 2018); *Chinese–Manufactured Drywall Prods. Liability Litig.*, No. MDL 09-2047, 2017 WL 5971622, at *12-14 (E.D. La. Nov. 30, 2017); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, No. 17-CV-00564 NC, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017). This Court need not, and should not, consider Defendant's invitation to depart from this well-settled premise that *Bristol-Myers* does not apply to a proposed federal class action like the one Plaintiffs bring here.

### 3.   Defendant's reliance on *Bristol-Myers* is misplaced, and the facts before the Court weigh in favor of exercising jurisdiction over the Gallagher Plaintiffs.

Defendant relies entirely on *Bristol-Myers* to argue that the Gallagher Plaintiffs' remaining breach of contract claim must be dismissed, but *Bristol-Myers*' reasoning does not neatly fit within the facts of this case. There, the Supreme Court held that non-California resident plaintiffs who did not purchase Plavix in the state, who did not ingest the drug in the state, who did not suffer injury from the drug in the state, and who did not seek treatment for their Plavix-related injuries in the state could not require the drug maker to defend itself in that state. *Bristol-Myers*, 582 U.S. at 264-65. As the Court succinctly put it, there was not an "adequate link" between [California] and the nonresidents' claims." *Id.* at 264. This, of course, is in sharp contrast

to the facts presented in this case. Here, the Gallagher Plaintiffs are *not* "nonresident Plaintiffs"—they are current California residents, residing within this District. FAC ¶¶ 4-5. While the Gallagher Plaintiffs will concede that they opened their AAdvantage accounts outside the state, accrued bonus miles outside the state, and had their accounts terminated outside the state, those facts are not solely the basis of their claims. Indeed, they *continue* to be injured by Defendant's breach of contract, because they continue to be unable to open new AAdvantage accounts, continue to be unable to accrue bonus miles while flying on Defendant's flights, continue to be unable to use the full benefits of their Defendant branded credit cards, and have still not received reimbursement for the monetary value of the bonus miles they had accrued which were wrongfully terminated (or for the monetary of the ticket purchased with bonus miles that was wrongfully cancelled). *See id.* ¶¶ 115-21, 142-46; *see also* Decl. of Derrick Gallagher, ECF No. 28-3, ¶ 6; Decl. of Abigail Gallagher, ECF No. 28-4, ¶ 6.[5] These injuries continue to accrue *in California*, where the Gallagher Plaintiffs reside. The fact that Defendant terminated their AAdvantage accounts and breached the contract on a specific date, when the Gallagher Plaintiffs happened to live in Missouri, does not dictate the analysis because it wholly ignores the continuous nature of their injuries. Indeed, had a non-California resident plaintiff ingested Plavix and suffered injury outside of California, but then moved to California and sought continuous care for their Plavix-related injuries while residing in California, the *Bristol-Myers* Court's analysis would have been much different—because those facts create a direct "connection between the forum and the specific claims at issue." *Bristol-Myers*, 582 U.S. at 265. If anything, the reasoning in *Bristol-Myers* sufficiently establishes that these unique facts create exactly "what [was] missing [t]here"—a connection between the Gallagher Plaintiffs, the forum state where they reside, and their continuing injuries at Defendant's hands.

Beyond these factual differences, the concerns raised in *Bristol-Myers* do little to support Defendant's arguments for dismissal. The "primary concern" of *Bristol-Myers* "[was] the burden

---

[5] In opposition to Defendant's Motion to Transfer Venue, Plaintiffs have contemporaneously filed declarations from each Plaintiff in support of maintaining this Action in this Court. *See* ECF No. 28-1 to 28-4.

on the defendant," which "encompasses both 'the practical problems resulting from litigating in the forum' and the 'more abstract matter of submitting to the coercive power of a State.'" *Sloan v. Gen. Motors LLC*, No. 16-cv-07244, 2019 WL 6612221, at *8 (N.D. Cal. Dec. 5, 2019) ("*Sloan II*").[6] Here, Defendant is "already before the Court litigating [the Nachison Plaintiffs'] claims that overlap substantially with the claims over which pendent personal jurisdiction is to be exercised," and thus any burden on Defendant, if any, would be *de minimis*. *Id.* Likewise, Defendant has already submitted to the "coercive power" of California, particularly "as a result of defending against other claims arising within the same suit." *Id.* Thus, the federalism concerns present in *Bristol-Myers* are not at issue here. This is all the more so true where, as here, Defendant has asserted that Texas law would apply to *any* breach of contract claim raised by any potential plaintiff, regardless of their state of residence. *See* Defendant's Motion; Defendant's Motion to Transfer Venue, ECF No. 20, at 1, 4, 4 n.1 (asserting that the contract at issue, which underlies *all* Plaintiffs' breach of contract claims, "is governed by Texas law"). Defendant draws no distinction between the Gallagher Plaintiffs' claims for breach of contract under Texas law and the Nachison Plaintiffs' claims for breach of contract under Texas law. Indeed, based on the arguments they raise, they cannot. Instead, the only distinction they could draw is to assert that the Gallagher Plaintiffs' claims—based on the same underlying Texas contract law—cannot be brought in this Court where Defendant already must defend against the same claims brought by other California-resident Plaintiffs based on the same underlying principles of Texas contract law. But such a distinction, yet again, would strain credulity.

If we take Defendant's arguments to their logical end, and the Court dismisses the Gallagher Plaintiffs' claims for lack of personal jurisdiction, it is entirely unclear what steps must

---

[6] Defendant may try to argue that *Sloan II* ultimately determined that dismissal of non-California resident plaintiffs' claims was appropriate under *Bristol-Myers*, after reversing its earlier application of "pendent personal jurisdiction." *Sloan II*, 2019 WL 6612221, at *8-10. But such an argument misreads both *Sloan II* and *Bristol-Myers*. Simply put, *Sloan II* is not applicable because it fails to present similar factual circumstances, such as an out-of-state plaintiff moving to California and residing in the state at the time he brought his claims. This entirely changes the analysis. Like *Bristol-Myers*, if the facts present here existed in *Sloan II*, the court would have refused to dismiss.

then be taken to perfect their claims against Defendant. Presumably, the Gallagher Plaintiffs would be left with two options. Either (1) they could re-bring their breach of contract claim in California state court where they reside, or (2) they could re-bring their breach of contract claim in federal court under diversity in Missouri (where Defendant asserts their injury occurred). But under the first option, nothing prevents Defendant from then removing the claim under diversity, leaving the claim to be removed to this Court. And under the second option, the Gallagher Plaintiffs are forced to bring their claim in federal court in a state where they no longer reside— some 1,800 miles away—and where Defendant is not a resident, and then are forced to seek transfer back to a far more convenient forum: this Court, where they reside. Neither option makes sense. Indeed, this sort of result is precisely what Justice Sotomayor warned against. *See Bristol-Myers*, 582 U.S. at 277-78 (Sotomayor, J., dissenting). As she noted, applying a rule like the one Defendant invites does nothing more than to "hand[] one more tool to corporate defendants determined to prevent the aggregation of individual claims, and forces injured plaintiffs to bear the burden of bringing suit in what will often be far-flung jurisdictions." *Id.* at 278. Defendant's arguments bring that judicial prophecy to life. The Gallagher Plaintiffs, then, are left either to bring suit in state court, with Defendant forced potentially to defend in entirely different jurisdictions and court systems, or else to bring suit in a far-flung jurisdiction over 1,800 miles from where they reside. To grant this motion would defy all logic.

The better approach is to deny Defendant's motion. As explained, the Gallagher Plaintiffs suffer a continuing injury, which continues in California. Thus, there is a direct connection between their harm, Defendant's breach, and the forum state, thereby establishing personal jurisdiction. Even if the Court disagrees, the motion should still be denied for efficiency's sake and to avoid greater burdens on the parties. Other courts have found that where "a claim that itself lacks an independent connection to the federal forum nevertheless may have a sufficient nexus for purposes of the personal jurisdiction analysis if it arises out of a common nucleus of operative facts with other claims properly before the court." *See Sloan I*, 287 F.Supp.3d at 860 (discussing the doctrine of pendent personal jurisdiction). These circumstances exist here. The Gallagher

Plaintiffs' claim is substantially the same—if not identical—to the Nachison Plaintiffs' claim, with each arising based on a breach of Texas contract law, and with each suffering their injuries as California residents. *See, e.g.*, FAC ¶¶ 41-53, 74-77, 92-95, 118-121, 143-146. Given this "substantial overlap," neither the parties nor the court system would be served by dismissing the Gallagher Plaintiffs' claim and forcing them to refile. *See Sloan I*, 287 F. Supp. 3d at 862 (explaining that dismissing certain out-of-state plaintiffs' claims would risk burdening the defendant with "piecemeal litigation" and "defend[ing] itself in several different courts on nearly identical issues"). The far better option—aside from simply finding that personal jurisdiction exists—is to deny Defendant's motion on these grounds.

### 4. Defendant has failed to demonstrate that the exercise of personal jurisdiction in this Court would be unreasonable.

Under the Ninth's Circuit three-part test, the defendant challenging jurisdiction has the burden to "present a compelling case that the exercise of jurisdiction would not be reasonable." *Herbal Brands, Inc.*, 72 F.4th at 1090. Defendant has failed to satisfy its burden. Defendant makes no effort to demonstrate that this Court's exercise of jurisdiction would be unreasonable. In determining reasonableness, the Ninth Circuit employs a seven-factor balancing test considering:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp*., 905 F.3d 597, 607 (9th Cir. 2018). On balance, these factors weigh in favor of the reasonableness of California's exercise of jurisdiction. As discussed above, Defendant has interjected itself into California's affairs because Defendant "conducts substantial business in this District" and "is registered to do business in California." FAC ¶ 12.

Here, judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties all favor finding jurisdiction here, in the Plaintiffs' home state, as all claims involve identical legal issues and all arise out of a common nucleus of operative facts.

*See supra* Section III.A.3. While Defendant conducts substantial, continuous business in this forum, "modern advances in communications and transportation have significantly reduced the burden of litigating in another [forum]," which further support the maintenance of this Action here. *Freestream Aircraft (Bermuda) Ltd.*, 905 F.3d at 608 (quoting *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988)). Next, as Plaintiffs only remaining claims are for breach of contract, there are no state law claims that would create a conflict with Defendant's home forum's laws—and, in any case, Defendant has failed to raise such an argument in its Motion to Dismiss or Motion to Transfer Venue. *See generally* Defendant's Motion; Defendant's Motion to Transfer Venue, ECF No. 20.  Because Plaintiffs are all California residents, California has a strong interest in overseeing claims. While an alternative forum exists, the balance of factors remain in favor of reasonableness for this Court to exercise jurisdiction over the Gallagher Plaintiffs' claims against Defendant. In short, for the same reasons explained above, which support the application of pendent personal jurisdiction, the application of personal jurisdiction by this Court in this forum would be reasonable. *See supra* Section III.A.3.; *see also Sloan I*, 287 F. Supp. 3d at 861-864 (noting that the exercise of pendent personal jurisdiction was appropriate based on the same factors illustrating that the exercise of jurisdiction was reasonable and comported with fair play and substantial justice).

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss in its entirety, by exercising personal jurisdiction over the Gallagher Plaintiffs' claims.

1   DATED:  April 1, 2024                     Respectfully submitted,

2                                             */s/ Alex R. Straus*
                                              Alex R. Straus, Esq. (SBN 321366)
3                                             **MILBERG COLEMAN BRYSON**
                                              **PHILLIPS GROSSMAN, PLLC**
4                                             280 S. Beverly Drive, PH Suite
5                                             Beverly Hills, CA 90212
                                              Telephone:    (866) 252-0878
6                                             Facsimile:    (615) 921-6501
                                              astraus@milberg.com
7

8                                             William A. Ladnier (SBN 330334)
                                              Virginia Ann Whitener (admitted *pro hac vice*)
9                                             **MILBERG COLEMAN BRYSON**
                                              **PHILLIPS GROSSMAN, PLLC**
10                                            800 S. Gay Street, Suite 1100
                                              Knoxville, TN 37929
11                                            Telephone:    (865) 247-0080
                                              wladnier@milberg.com
12                                            gwhitener@milberg.com

13
                                              *Attorneys for Plaintiffs*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

### <u>CERTIFICATE OF SERVICE</u>

3

The undersigned hereby certifies that on April 1, 2024, the foregoing document was filed

4

electronically on the CM/ECF system, which caused all CM/ECF participants to be served by

5

electronic means.

6

7

Dated: April 1, 2024                **MILBERG COLEMAN BRYSON**
                                    **PHILLIPS GROSSMAN, PLLC**

8

9

                                    <u>*/s/ Alex R. Straus*          </u>
                                    Alex R. Straus

10

11

                                    *Attorney for Plaintiffs and the Proposed Classes*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28