1  Alex R. Straus (SBN 321366)
   **MILBERG COLEMAN BRYSON**
2  **PHILLIPS GROSSMAN PLLC**
   280 South Beverly Drive
3  Beverly Hills, CA 90212
   Tel.:   (866) 252-0878
4  Fax:   (310) 496-3176
   Email: astraus@milberg.com
5

6  *Attorney for Plaintiffs [Additional Counsel*
   *on Signature Page]*
7

8

**UNITED STATES DISTRICT COURT**
9
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**
10

11 | ARI NACHISON, SHANNA NACHISON, DERRICK GALLAGHER, and ABIGAIL GALLAGHER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMERICAN AIRLINES, INC.,

Defendant. | Case No. 5:24-CV-00530-PCP

**JOINT CASE MANAGEMENT STATEMENT**

Hearing Date:  May 2, 2024
Time:          10:00 AM
Courtroom:     8, 4th Floor
Judge:         Hon. P. Casey Pitts |

**JOINT CASE MANAGEMENT STATEMENT**

The parties jointly submit this Joint Case Management Conference ("CMC") Statement pursuant to Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, this Court's Initial Case Management Scheduling Order dated January 30, 2024 (ECF No. 4), and the Clerk's Notice Resetting Case Management Conference Following Reassignment dated January 31, 2024.  (ECF No. 12).

### 1. Jurisdiction & Service

This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum or value of $5,000,000.00, exclusive of interest and costs; there are more than 100 putative class members; and at least one putative class member is from a state different from Defendant. Defendant's motion to dismiss for lack of personal jurisdiction (ECF No. 17) and motion to transfer venue (ECF No. 20) are both pending.

### 2. Facts

Plaintiffs' Position:

This class action is filed in response to Defendant American Airlines, Inc.'s ("Defendant") wrongful termination of Plaintiffs' and the putative class members' AAdvantage program accounts. Plaintiffs allege Defendant materially breached its contracts with class members, resulting in the wrongful termination of airline reward miles and, thus, resulting in the loss of significant monetary value. Plaintiffs lawfully accrued their AAdvantage award miles through (1) purchases of consumer goods and services, (2) purchases of Defendant's flights, and (3) credit card enrollment bonuses. Plaintiffs are all California residents seeking to recover damages for ongoing injuries sustained in California.

Defendant's Position:

Defendant American Airlines, Inc. launched the first loyalty program of any major carrier, pioneering the concept of the "frequent-flyer" program, called AAdvantage. The AAdvantage program is governed by Terms & Conditions that are publicly available on American's website. Plaintiffs are former AAdvantage members whose accounts were terminated for fraud, misrepresentation, and/or abuse of the AAdvantage program. American offered certain existing AAdvantage members the opportunity to receive "bonus" miles in their accounts by using one-time codes from direct mailers for promotional credit cards. (*See* First Amended Complaint, ECF No. 14, ¶ 21.) Plaintiffs opened multiple American-branded credit cards using mailers that were not sent to them or meant for them. Rather, Plaintiffs admit that they used promotional offers that were sent to friends and family members in opening these

accounts. (*Id*. ¶¶ 57, 83, 101, 128.) American terminated their accounts due to "violations of the General AAdvantage Program Conditions … related to the accrual of ineligible miles and benefits; through fraud, misrepresentation and/or abuse of the AAdvantage Program." (*Id*. ¶¶ 74, 92, 118, 143.) At the time their accounts were terminated, Plaintiffs Ari and Shanna Nachison resided in California, (*id*. ¶¶ 54, 80) and Plaintiffs Derrick Gallagher and Abigail Gallagher resided in Missouri (*id*. ¶¶ 98, 125.)

### 3. Legal Issues

Plaintiffs' Position

Plaintiffs originally brought claims for breach of contract and unjust enrichment. Plaintiffs have since conceded that the unjust enrichment claim—and only that claim—is preempted. Thus, Plaintiffs' remaining claim is for breach of contract. The legal and factual issues include, but are not limited to, the following:

a. Whether Class Members performed pursuant to Defendant's offer when they opened a Citi-AAdvantage credit card or Barclays-AAdvantage credit card accounts and fulfilled the enrollment bonus requirements;

b. Whether a contract was formed at the time when a Class Member opened a AAdvantage account;

c. Whether a contract was formed at the time when a Class Member opened a Citi-AAdvantage credit card or Barclays-AAdvantage credit card account;

d. Whether Defendant wrongfully terminated Class Members' AAdvantage accounts;

e. Whether Defendant wrongfully forced Class Members to forfeit earned miles, including miles that had been accrued before their application for, opening of, or use of a Citi-AAdvantage credit card or Barclays-AAdvantage credit card; and

f. Whether Defendant breached the contract when it wrongfully terminated AAdvantage accounts and forced the forfeiture of earned miles.

Defendant's Position

a. What provision of the Terms & Conditions did American allegedly breach?

  b. Was American justified in terminating Plaintiffs' AAdvantage accounts because they engaged in fraud, misrepresentation, and abuse?

  c. Whether Plaintiffs' or putative absent class members' claims are barred by applicable statutes of limitation?

  d. Whether Plaintiffs' or putative absent class members' claims are otherwise barred by their inequitable conduct?

  e. If Plaintiffs could somehow establish liability, is any remedy available other than reinstatement of their AAdvantage memberships?

**4. Motions**

Defendant has two fully briefed and pending motions: (1) a Motion to Dismiss for lack of personal jurisdiction (ECF No. 17); and (2) a Motion to Transfer Venue (ECF No. 20). The motions are noticed for hearing on May 2, 2024. Plaintiffs anticipate filing a motion for class certification. Defendant will oppose any motion for class certification and anticipates filing a motion for summary judgment.

**5. Amendment of Pleadings**

Plaintiffs reserve the right to seek leave of court to amend their Complaint in response to any Court order regarding Defendant's currently pending motions. In light of its pending motion to dismiss (ECF No. 17), Defendant has not yet filed an Answer.

**6. Evidence Preservation**

The parties have reviewed the Northern District ESI guidelines, ESI checklist, and have met and conferred regarding steps to preserve ESI evidence. The parties also agreed to discuss in detail such methods with respect to specific issues arising in connection with production of documents. Defendant has advised Plaintiffs that relevant personnel who may have discoverable materials in their possession have been advised to retain all available potentially relevant information on issues related to claims raised in this litigation. Defendant has also implemented adequate safeguards to ensure that potentially relevant ESI, which was available at the time this lawsuit was filed, is preserved.

**7.     Disclosures**

Defendant filed its Corporate Disclosure Statement on March 4, 2024 (ECF No. 18). The parties agree that they will mutually exchange Rule 26 initial disclosures within 14 days after the May 2, 2024 Case Management Conference.

**8.     Discovery**

<u>Plaintiffs' Position</u>

There has been no formal or informal discovery exchange to date.  The parties do not anticipate proposing any significant limitations or modifications of the discovery rules.  Plaintiffs propose the schedule set forth below. Plaintiffs intend to serve document requests, admissions requests, and interrogatories, and to conduct depositions of Defendant and non-party witnesses who may have knowledge regarding all issues regarding, or related to, the allegations set forth in Plaintiffs' Complaint. Plaintiffs further anticipate seeking discovery regarding Defendant's affirmative defenses and experts. Because Defendant has not moved to dismiss the breach of contract claims brought by Plaintiffs Ari and Shana Nachison, Plaintiffs maintain that discovery should be permitted to commence immediately. Any burden potentially imposed on Defendant through the immediate commencement of discovery is vitiated by the fact that Defendant has not moved to dismiss some of Plaintiffs' claims. Thus, there is no reason for delaying discovery.

<u>Defendant's Position</u>

Defendant believes that engaging in discovery while its motion to dismiss (ECF No. 17) and motion to transfer venue (ECF No. 20) are pending could impose unnecessary burdens and expense on the parties and the Court in the event one of those motions is granted part. Accordingly, Defendant proposes that, with the exception of exchanging initial disclosures, fact discovery shall not commence until the date on which the Court issues its final decision on its motion to dismiss and motion to transfer.  In Paragraph 16, Defendant has proposed a schedule of deadlines to complete fact and expert discovery.

**9.     Class Actions**

All attorneys of record have reviewed the Northern District's Procedural Guidance for Class Action Settlements.  In accordance with the schedule proposed below, Plaintiffs anticipate

filing a class certification motion within approximately eighteen (18) months of the court's ruling on the motion to dismiss. Defendant intends to oppose any motion for class certification.

**10.    Related Cases**

Neither party is presently aware of any related cases.

**11.    Relief**

<u>Plaintiffs' Position</u>

The prayer to the First Amended Complaint seeks the following relief on behalf of Plaintiffs and members of the proposed Class:

a.    Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issuance of an order certifying one or more classes as defined above;

b.    Appoint Plaintiffs as the representatives of the Class and their counsel as Class Counsel;

c.    Award actual, general, special, incidental, statutory, punitive, and consequential damages and restitution to which Plaintiffs and the Class Members are entitled;

d.    Award pre-judgment and post-judgment interest on such monetary relief;

e.    Award reasonable attorneys' fees and costs; and

f.    Grant such further relief that this Court deems appropriate.

<u>Defendant's Position</u>

Defendant denies that Plaintiffs are entitled to their requested relief. Any requested relief, moreover, is limited by the terms and conditions of the AAdvantage Program.

Defendant reserves its rights to seek recovery of its attorney's fees and costs as provided by applicable law.

**12.    Settlement and ADR**

The parties met and conferred regarding ADR and submitted their ADR Certifications, pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5 (b). (ECF Nos. 30-35.) The Parties agree that ADR is premature at this time. However, at the appropriate time, if the parties are amenable to

discussing potential settlement, a mediation with a private mediator at JAMS or other reputable ADR provider would be the parties' preferred ADR option.

### 13. Other References

The parties agree that this case is not suitable for assignment to binding arbitration, special master, or the JPML.

### 14. Narrowing of Issues

The parties at this time are not aware of any issues which can be narrowed. The parties will revisit the narrowing of issues as the case progresses.

### 15. Expedited Trial Procedure

The parties do not agree to an expedited trial procedure.

### 16. Scheduling

<u>Plaintiffs' Position</u>

As stated in Paragraph 8, Plaintiffs' position is that fact discovery should commence immediately, given that Defendant has not moved to dismiss claims brought by certain Plaintiffs. Thus, there is no reason for delaying discovery.

<u>Defendant's Position</u>

As stated in Paragraph 8, Defendant's position is that fact discovery should commence only after the Court has issued its final decision on Defendant's pending motions to dismiss and transfer.

<u>Joint Position</u>

The parties propose the following schedule:

| Event | Deadline |
|---|---|
| Close of fact discovery. | 18 months following Order on Motion to Dismiss. |
| Deadline to exchange expert reports. | 2 months following close of fact discovery. |
| Deadline to exchange expert rebuttal reports, if any. | 4 months following close of fact discovery. |
| Close of expert discovery. | 6 months following close of fact discovery. |
| Deadline for Plaintiffs to file motion for class certification. | 30 days following close of expert discovery. |

| Deadline for Defendant to file its opposition to Plaintiffs' motion for class certification. | 30 days after filing of Plaintiffs' motion for class certification. |
|---|---|
| Deadline for Plaintiffs to file reply in support of motion for class certification. | 21 days after filing of Defendant's opposition to motion for class certification. |
| Hearing on Plaintiffs' anticipated motion for class certification. | 35 days following filing of Plaintiffs' reply in support of class certification and completion of all class certification briefing, or as the Court orders. |

The parties further propose that setting any other dates at this time is premature until the Court has ruled on Plaintiffs' anticipated motion for class certification. The parties therefore propose that the scheduling of all further dates, including deadlines pertaining to the conducting/completion of merits expert discovery (expert reports and depositions), motions for summary judgment and/or other relief, motions in limine, and any other discovery (including the calculation of classwide damages), motions or proceedings, be deferred until after the Court has issued its decision on Plaintiffs' anticipated class certification motion. The parties respectfully submit that the Court's ruling on class certification may have a significant impact upon this action including the substance and scope of the further discovery. Further, the parties maintain their right to seek modification of the proposed schedule, pursuant to the Court's consideration and approval.

**17.     Trial**

Plaintiffs requested a jury trial. The parties also agree that scheduling a trial at this time is premature pending the result of the class certification motion.

**18.     Disclosure of Non-party Interested Entities or Persons**

Plaintiffs filed their "Certification of Interested Entities or Persons" Pursuant to Civil Local Rule 3-15 on January 31, 2024 (ECF No. 9). Defendant filed its "Certification of Interested Entities or Persons" Pursuant to Civil Local Rule 3-15 on March 4, 2024 (ECF No. 19). There is no non-party related to Plaintiffs or interested in Plaintiffs.

**19.     Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct and agree to comply with them.

**20.     Other**

None at this time.

JOINT CASE MANAGEMENT STATEMENT | CASE NO.: 5:24-CV-00530-PCP
- 8 -

DATED:  April 18, 2024           **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

By:     */s/ Alex R. Straus*
        Alex R. Straus, Esq. (SBN 321366)
        Attorney for Plaintiffs

DATED:  April 18, 2024           **O'MELVENY & MYERS LLP**

By:     */s/*
        Jason Zarrow, Esq. (S.B. #297979)
        Attorney for Defendant, American Airlines, Inc.

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1, regarding signatures, I, Alex R. Straus, attest that concurrence in the filing of the document has been obtained from each of the other signatories listed above.

DATED:  April 18, 2024

                                                    */s/ Alex R. Straus*
                                                    Alex R. Straus

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ARI NACHISON, SHANNA NACHISON, DERRICK GALLAGHER, and ABIGAIL GALLAGHER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No. 5:24-CV-00530-PCP<br><br>**[PROPOSED] ORDER** |

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:_____

                                    HONORABLE P. CASEY PITTS
                              UNITED STATES DISTRICT COURT JUIDGE