Angela L. Scott (SBN 240418)
scotta@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4330
Facsimile: 424.204.4350

Attorney for Defendant
CITIBANK, N.A.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NACHISON, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN AIRLINES,<br><br>Defendant. | Case No. 5:24-cv-00530-PCP<br><br>**NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION OF NON-PARTY CITIBANK, N.A.'S PERSON MOST KNOWLEDGEABLE OR FOR PROTECTIVE ORDER**<br><br>Hearing Date:  January 16, 2025<br>Time:  10:00 a.m.<br>Courtroom:  8<br><br>Action Filed:  January 29, 2024<br>Trial Date:  May 5, 2026 |

TO THE COURT AND ALL ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on January 16, 2024, at 10:00 a.m. or as soon thereafter as this matter may be heard before the Honorable P. Casey Pitts in Courtroom 8 of the above-referenced Court, located at San Jose Courthouse, Courtroom 8, 4th Floor 280 South First Street, San Jose, CA 95113, non-party Citibank, N.A. ("Citibank") will, and hereby does, move pursuant to Federal Rule of Civil Procedure 45 to quash the Subpoena to Testify at a Deposition in a Civil Action dated November 15, 2024, issued by

counsel for Plaintiff Shanna Nachison (hereinafter, "Plaintiff"). Alternatively, Citibank moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Angela Scott, all papers and pleadings on file in this action, and upon such other and further evidence and argument as may be presented to the Court, and all matters to which this Court may take judicial notice.

DATED: December 12, 2024                    BALLARD SPAHR

By: */s/ Angela L. Scott*
      Angela L. Scott

Attorney for Defendant
CITIBANK, N.A.

Angela L. Scott (SBN 240418)
scotta@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4330
Facsimile: 424.204.4350

Attorney for Defendant
CITIBANK, N.A.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NACHISON, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>AMERICAN AIRLINES,<br><br>　　　　　　Defendant. | Case No. 5:24-cv-00530-PCP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NONPARTY CITIBANK, N.A.'S MOTION TO QUASH PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION OR FOR PROTECTIVE ORDER**<br><br>Hearing Date: January 16, 2025<br>Time:　　　　10:00 a.m.<br>Courtroom:　　8<br><br>Action Filed: January 29, 2024<br>Trial Date:　　May 5, 2026 |

## **TABLE OF CONTENTS**

Page

I. Introduction ...................................................................................................... 1

II. Factual Background .......................................................................................... 1

III. Discussion ......................................................................................................... 4

    A. Citibank has standing to challenge this subpoena. ............................... 4

    B. This Court has the authority to quash the subpoenas and/or issue a protective order. .......................................................................... 5

    C. The subpoena violates the rule of proportionality and imposes an undue burden on nonparties. ............................................................. 5

        1. The Deposition Subpoena topics will likely be addressed by documents responsive to the Document Subpoena. .............. 6

        2. The Deposition Subpoena is irrelevant, overly broad, and burdensome. ................................................................................ 7

        3. The Deposition Subpoena seeks information in AA's possession. ................................................................................... 8

    D. The Deposition Subpoena seeks sensitive, protected information. ............................................................................................ 9

IV. Conclusion ...................................................................................................... 10

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

DMFIRM #414721671 v1

i

MOTION TO QUASH

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC v. Aereo, Inc.*,
  2013 U.S. Dist. LEXIS 51894 (N.D. Cal. Apr. 10, 2013).................................... 6

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
  300 F.R.D. 406 (C.D. Cal. 2014)........................................................... 6, 7, 8

*Antman v. Uber Techs., Inc.*,
  2015 U.S. Dist. LEXIS 162531 (N.D. Cal. Dec. 2, 2015) ................................. 6

*Appel v. Wolf*,
  2021 U.S. Dist. LEXIS 217984 (S.D. Cal. Nov. 9, 2021).................................. 5

*In re Ashworth, Inc. Securities Litigation*,
  2002 WL 33009225 (S.D. Cal. May 10, 2002) ............................................... 5

*In re Bard IVC Filters Products Liability Litigation*,
  317 F.R.D. 562 (D. Ariz. 2016)........................................................................ 7

*Belinda K. v. Baldovinos*,
  2011 U.S. Dist. LEXIS 94282 (N.D. Cal. Aug. 23, 2011)................................. 7

*Day v. GEICO Cas. Co.*,
  2023 U.S. Dist. LEXIS 151862 (C.D. Cal. Aug. 16, 2023) ............................... 6

*EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*,
  2012 WL 1980361 (N.D. Cal. June 1, 2012) .................................................. 7

*Exxon Shipping Co. v. United States Dep't of Interior*,
  34 F.3d 774 (9th Cir. 1994)......................................................................... 5, 6

*Lemberg Law LLC v. Hussin*,
  No., 2016 U.S. Dist. LEXIS 76772 (N.D. Cal. June 13, 2016) ........................ 5

*McBeath v. Tucson Tamale Co.*,
  2017 WL3118779 (D. Ariz. July 21, 2017) ..................................................... 4

*Moon v. SCP Pool Corp.*,
  232 F.R.D. 633 (C.D. Cal. 2005).................................................................... 7

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*,
 2012 U.S. Dist. LEXIS 110824 (N.D. Cal. Aug. 7, 2012) .................................. 6

*Nidec Corp. v. Victor Co.*,
 249 F.R.D. 575 (N.D. Cal. 2007) ................................................................. 5, 8, 9

*Novak & Gose v. Allstate Ins. Co.*,
 2007 WL 5289731 (D. Ariz. Nov. 26, 2007) ........................................................ 4

*Pizzuto v. Tewalt*,
 2024 U.S. Dist. LEXIS 182150 (D. Idaho Oct. 4, 2024) ..................................... 6

*Rocky Mountain Med. Mgmt., LLC v. LHP Hosp. Grp., Inc.*,
 2013 WL 6446704 (D. Idaho Dec. 9, 2013) ......................................................... 9

*Springbrook Lenders v. Northwestern Nat'l Insurance*,
 121 F.R.D. 679 (N.D. Cal. 1988) ......................................................................... 5

*In re Williams-Sonoma, Inc.*,
 947 F.3d 535 (9th Cir. 2020) ................................................................................ 8

**Rules**

Fed. R. Civ. P. 26 ............................................................................................... 5, 8

Fed. R. Civ. P. 26(3)(A) ....................................................................................... 10

Fed. R. Civ. P. 26(b)(1) ...................................................................................... 5, 8

Fed. R. Civ. P. 26(b)(2)(C)(i) ................................................................................. 5

Fed. R. Civ. P. 26(c) ..................................................................................... 1, 4, 5

Fed. R. Civ. P. 26(c)(1) .......................................................................................... 5

Fed. R. Civ. P. 26(c)(1)(A) .................................................................................... 5

Fed. R. Civ. P. 26(c)(1)(B) .................................................................................... 5

Fed. R. Civ. P. 45 ..................................................................................... 4, 5, 6, 7

Fed .R. Civ. P. 45(c)(3)(B)(i) ................................................................................ 9

Fed. R. Civ. P. 45(d)(3)(A) .................................................................................... 5

Fed. R. Civ. P. 45(d)(3)(B) .................................................................................... 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Plaintiff Shanna Nachison issued two subpoenas to nonparty Citibank, N.A. ("Citibank"); one seeking documents and one seeking testimony. Plaintiff's counsel verbally agreed to consider withdrawing the deposition subpoena while Plaintiff and Citibank navigated the document subpoena. Regrettably, Plaintiff's counsel thereafter rejected this practical solution by demanding Citibank produce documents without withdrawing the subpoena.

By the instant Motion, Citibank moves to quash the Subpoena for Deposition Testimony in a Civil Action Dated November 15, 2024 (hereinafter, "Deposition Subpoena") issued by Plaintiff in the above-captioned matter. Given the allegations in the underlying complaint, the fact that Plaintiff is currently the only remaining plaintiff, and because Citibank is a nonparty to this action, the subpoena is irrelevant and overly broad. Additionally, the Deposition Subpoena calls for information that is in the possession of a party to the action and is sensitive and protected, including information protected by attorney/client privilege and the work product doctrine. Finally, the Deposition Subpoena calls for information that could be answered through any documents produced in response to the document subpoena, rendering it untimely and oppressive.

For those reasons, this Court should quash the subpoena. Alternatively, Citibank requests a protective order pursuant to Federal Rule of Civil Procedure 26(c) limiting the scope of the deposition inquiry as set forth below and only after any production of documents.

## II. Factual Background

On January 29, 2024, Plaintiff, her spouse, and six other people (collectively "Plaintiffs") filed a class action complaint against American Airlines ("AA") for breach of contract and unjust enrichment. Doc. 1. Plaintiffs filed an amended complaint on February 14, 2024. Doc. 14. In their amended complaint, Plaintiffs

allege that AA unilaterally terminated their AAdvantage account and forfeited miles, which, they claim, carried a monetary value. Doc. 14 (Amd. Compl. ¶ 95). Plaintiffs claim these miles are earned from enrollment bonuses when they open a Citi-AAdvantage credit card, but concede that some applications restrict enrollment bonuses if the applicant has received an enrollment bonus in the preceding 48 months. Doc. 14 (Amd. Compl. ¶¶ 25, 33.) Plaintiffs claim, however, that they applied for multiple AAdvantage cards without this restriction, and AA's alleged closing of these accounts constituted breach of contract.[1] Doc. 14 (Amd C. ¶ 38).

Shanna Nachison is the only remaining named plaintiff. The other Plaintiffs voluntarily dismissed their claims without prejudice or were dismissed when the Court granted AA's Motion to Dismiss. Doc. 23-26, 40, 48, 49. On November 19, 2024, Citibank was served with the two above-referenced subpoenas. Declaration of Angela Scott (Scott Decl. ¶ 2, Exh. 1.) One subpoena seeks the production of documents (hereinafter, the "Document Subpoena") and the other a deposition of Citibank's person most knowledgeable (the aforementioned Deposition Subpoena). Scott Decl., Exh. 1.

Plaintiff's Deposition Subpoena demanded testimony on the following topics:

- The technical architecture and software used in relation to the Citibank-branded credit card partnership with American Airlines.

- The bonus mile accrual process, fraud detection systems, account management policies, and procedures for account terminations or suspensions related to the Citibank-branded credit card partnerships with American Airlines.

- The contractual agreements and financial arrangements between Citibank and American Airlines, Inc. regarding the AAdvantage program, revenue-sharing models, comparisons with other Citibank-branded credit card partnerships, and the financial impact of program changes or account terminations

- The marketing strategies, promotional campaigns, and communications with American Airlines related to AAdvantage credit card.

- The procedures followed to detect and prevent fraudulent activity, internal

---

[1] Plaintiffs also alleged unjust enrichment, but that claim was dismissed. Doc. 40.

- investigations into exploitative practices or fraud, any audits or reviews conducted to ensure adherence to those standards, and communications with American Airlines related to alleged fraud and AAdvantage account closures.

- The financial impact of the AAdvantage program on Citibank, including revenues generated, costs associated with account terminations or fraud prevention efforts, and any reporting or financial analysis related to the performance of the program

Plaintiff's Document Subpoena contained many overlapping categories, including:

- All copies of agreements, contracts, memoranda of understanding, or other written Documents between Citibank and American Airlines, relating to the Citibank-AAdvantage credit card program, Including any amendments, addenda, or related Documents from inception to the present.

- All Communications between Citibank and American Airlines, concerning the Citibank-AAdvantage credit card program, Including but not limited to promotional materials, marketing campaigns, policies, procedures, audits, terms and conditions, customer Communications, and Communications related to the termination of AAdvantage accounts.

- All reports, analyses, or Documents generated by Citibank Regarding potential or alleged fraud in connection with Citibank-AAdvantage credit card promotions, Including any investigation findings, risk assessments, and preventive measures taken.

- All internal Communications within Citibank Regarding differences between the AAdvantage program and promotions with other companies, Including but not limited to, accounts with multiple cards, and what constitutes fraudulent activity surrounding those accounts.

*See* Scott Decl. Exh. 1.

Plaintiff's Document Subpoena set a response date of December 16, 2024. *Id.* Plaintiff's Deposition Subpoena scheduled the deposition via videoconference on December 30, 2024. *Id.* On November 26, 2024, and November 27, 2024, the undersigned spoke with counsel for Plaintiff, Mr. Alex Straus, who agreed to extend the deadline for Citibank to object and/or move to quash the subpoenas to December 16, 2024, and Citibank's deadline to comply with the subpoenas to January 17, 2025. Scott Decl. ¶ 3. Mr. Straus also indicated that he may agree to forgo the deposition in light of the document request. *Id*. ¶ 3.

On December 7, 2024, during a telephone call with undersigned counsel, Mr. Straus indicated that he may agree to at least temporarily withdraw the subpoena if Citibank confirmed it was searching for documents. *Id.* ¶ 4. During this call, undersigned counsel noted that, if counsel for Plaintiff would not withdraw the subpoena for deposition testimony, Citibank would be required to move to quash the subpoena in order to preserve its opposition to the subpoena pursuant to Federal Rule of Civil Procedure 45. *Id.* On December 7, 2024, the undersigned asked Mr. Straus via email to withdraw the deposition subpoena until after Citibank addressed document production and any related objections or issues so that the parties could avoid what might be unnecessary litigation regarding the deposition. *Id*. ¶ 4. On December 10, 2024, the undersigned renewed this request. *Id.* ¶ 5. As of the filing of this motion, Plaintiff's counsel has not approved this request, instead requesting that Citibank demonstrate that the document production will be sufficient. *Id.*

Citibank anticipates serving Plaintiff with objections to both subpoenas by the December 16, 2024 deadline referenced above. Since Plaintiff did not withdraw the subpoena or agree to adjourn the deposition, Citibank was compelled to file the instant motion to quash.

### III.  Discussion

  **A.  Citibank has standing to challenge this subpoena.**

In ruling on a motion to quash, it is appropriate for a court to consider the interests of those either subject to "or affected by a subpoena." *See* Fed. R. Civ. P. 45(d)(3)(B). Employers have standing to move to quash subpoenas that seek the testimony of employees and the production of documents from the employer's servers. *See, e.g. McBeath v. Tucson Tamale Co.*, 2017 WL3118779 at *10-12 (D. Ariz. July 21, 2017); *Novak & Gose v. Allstate Ins. Co.*, 2007 WL 5289731 at *10 (D. Ariz. Nov. 26, 2007) ("Because the subpoenaed documents and the testimony and documents noticed for deposition pertain to Plaintiff's and others' financial and business affairs, Plaintiff has standing to challenge this discovery, under Rule 26(c)

and Rule 45.") (*citing Springbrook Lenders v. Northwestern Nat'l Insurance*, 121 F.R.D. 679, 680 (N.D. Cal. 1988); *In re Ashworth, Inc. Securities Litigation*, 2002 WL 33009225 (S.D. Cal. May 10, 2002)).

### B. This Court has the authority to quash the subpoenas and/or issue a protective order.

Both Rules 26 and 45 of the Federal Rules of Civil Procedure govern the discovery from nonparties by subpoena. *Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994). Rule 26(c)(1) allows courts to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense" and permits a court to preclude discovery if "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i), (c)(1); *Nidec Corp. v. Victor Co.*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). Rule 45 likewise provides that a Court must quash or modify a subpoena that subjects a nonparty to "undue burden." *Lemberg Law LLC v. Hussin*, No., 2016 U.S. Dist. LEXIS 76772, *15 (N.D. Cal. June 13, 2016) (citing Fed. R. Civ. P. 45(d)(3)(A)).

Similar standards govern a motion to quash and a motion for a protective order under Rule 26(c). *Appel v. Wolf*, 2021 U.S. Dist. LEXIS 217984, *12-13 (S.D. Cal. Nov. 9, 2021). Thus, on a showing of good cause, the Court may forbid inappropriate discovery altogether, or impose terms on the requested discovery. Fed. R. Civ. P. 26(c)(1)(A)–(B). As outlined below, Citibank has demonstrated good cause under Rule 26(c).

### C. The subpoena violates the rule of proportionality and imposes an undue burden on nonparties.

The Court should quash the subpoena because of its limited utility, the burden it seeks to impose on a nonparty, and availability of the information from a party to the action.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

An undue burden exists when the "subpoena is unreasonable or oppressive." *ABC v. Aereo, Inc.*, 2013 U.S. Dist. LEXIS 51894, *12 (N.D. Cal. Apr. 10, 2013). In assessing undue burden, nonparty status is entitled to special consideration. *See* Fed. R. Civ. P. 45, Advisory Committee Note of 1991; *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 U.S. Dist. LEXIS 110824, *11 (N.D. Cal. Aug. 7, 2012) ("The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts."); *Exxon Shipping Co.*, 34 F.3d at 779 ("The Federal Rules also afford nonparties special protection against the time and expense of complying with subpoenas.").

Courts look to several factors to determine undue burden, including: (1) the relevance of the information requested; (2) the need of the party requesting the documents; (3) the breadth of the discovery request; (4) the time period covered by the request; (5) the particularity with which the requesting party has described the requested documents; and (6) the burden imposed. *See Pizzuto v. Tewalt*, 2024 U.S. Dist. LEXIS 182150, *12 (D. Idaho Oct. 4, 2024). Additionally, "[c]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs in a Rule 45 inquiry." *Amini Innovation Corp. v. McFerran Home Furnishings*, Inc., 300 F.R.D. 406, 409 (C.D. Cal. 2014) (citations omitted).

Whether a subpoena imposes an undue burden is a "case specific inquiry." *Day v. GEICO Cas. Co.*, 2023 U.S. Dist. LEXIS 151862, *7 (C.D. Cal. Aug. 16, 2023). Courts have "ample discretion" to quash subpoenas causing "undue burden." *Exxon Shipping Co.*, 34 F.3d at 779; *Antman v. Uber Techs., Inc.*, 2015 U.S. Dist. LEXIS 162531, *6 (N.D. Cal. Dec. 2, 2015).

### 1. *The Deposition Subpoena topics will likely be addressed by documents responsive to the Document Subpoena.*

The documents subpoenaed by Plaintiff mirror the Deposition Subpoena's topics, so much so that Plaintiff's counsel indicated a potential willingness to accept

documents in lieu of the subpoenaed deposition. Discovery is open until March, which gives Plaintiff ample time to review any documents produced by Citibank and pursue additional related-party discovery if needed. Since the Deposition Subpoena is duplicative of the Document Subpoena, it is untimely and improper to also compel Citibank to testify to these topics.[2]

### 2. The Deposition Subpoena is irrelevant, overly broad, and burdensome.

Plaintiff has the burden to "demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, 2012 WL 1980361, at *4 (N.D. Cal. June 1, 2012); *Belinda K. v. Baldovinos*, 2011 U.S. Dist. LEXIS 94282, *5 (N.D. Cal. Aug. 23, 2011). The degree of onerousness required to meet the undue burden standard is proportional to the relevance of the material sought. *See Amini Innovation Corp.*, 300 F.R.D. at 409 ("In determining whether a subpoena poses an undue burden, courts weigh the burden to the subpoenaed party against the value of the information to the serving party.") (citations omitted). In other words, the less relevant information sought is to the underlying litigation, the less of a showing is required by the moving party to demonstrate undue burden within the meaning of Rule 45.

Plaintiff cannot meet this burden because the Deposition Subpoena is overbroad on its face. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (finding an undue burden because subpoena requests were "overbroad on [their] face and exceed[] the bounds of fair discovery") (alterations original). As an initial matter, the requested information is not relevant. Discovery is permissible only if it is "relevant to any party's claim or defense."[3] *See In re Bard IVC Filters*

---

[2] At minimum, if the Deposition Subpoena is not quashed in full, it should at least be quashed without prejudice to reissue if Plaintiff later determines a deposition is necessary after reviewing the document production, and that information is not available from a party.

[3] The shift from reasonably calculated to lead to admissible evidence "was intended

*Products Liability Litigation*, 317 F.R.D. 562, 564 (D. Ariz. 2016).  Citibank's software, technical architecture, contracts with AA, marketing strategies and revenue-sharing models, comparisons with other Citibank branded partnerships, and the financial impact of the AAdvantage program on Citibank are not relevant to Plaintiff's claim that AA breached its contract with her.  Nor are they relevant to any damages potentially available from AA on Plaintiff's individual or class contract claim.

Moreover, these categories are not described with particularity and are thus woefully overbroad.  Indeed, Plaintiff has not even attempted to set temporal limits on this discovery.  Preparation for such wide-ranging topics would require a tremendous time commitment from Citibank.  Requiring a Citibank employee to prepare for and attend a deposition regarding such broad topics is burdensome and particularly unreasonable given the limited scope of this lawsuit and the irrelevant nature of the deposition topics.

### 3. The Deposition Subpoena seeks information in AA's possession.

The information sought is also likely available from AA, and thus there is even less reason to burden Citi.  It is well settled that Courts should be "particularly reluctant to require a non-party to provide discovery that can be produced by a party."  *Amini Innovation Corp.*, 300 F.R.D. at 410; *see also Nidec Corp. v. Victor Co.*, 249 F.R.D. 575 (N.D. Cal. 2007) (quashing a subpoena because the "vast majority" of the documents sought are in the possession of a party).  That is particularly so under the amendments to Rule 26, which "encourage judges to be more aggressive in identifying and discouraging discovery overuse."  *See* Fed. R. Civ. P. 26(b)(1), 2015 Advisory Committee Notes.[4]

---

to restrict and not broaden the scope of discovery." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 540 (9th Cir. 2020).

[4]   Notably, this rule should be applied even if some documents might not be in a party's possession. *See, e.g., Nidec Corp.*, 249 F.R.D. at 577 (rejecting argument that some documents were not in a party's possession since "the vast majority of the discovery sought from [plaintiff] is discovery obtainable from a source more direct, convenient, and less

In addition to being irrelevant, overly broad and/or overly burdensome, this information is likely available from a party – defendant AA. Like the subpoena at issue in *Nidec*, *supra*, many of Plaintiff's requests are focused on AA's interactions and communications with Citibank. Plaintiff should seek that information from AA. Discovery is open until March 4, 2025, [Doc. 56], and Plaintiff thus has ample opportunity to pursue this information from a party. There is simply no reason to seek this information from Citibank now other than, perhaps, to circumvent discovery obligations and disputes with AA in the underlying matter.

### D. The Deposition Subpoena seeks sensitive, protected information.

"To protect a person subject to or affected by a subpoena, a court may quash a subpoena if it requires 'disclosing a trade secret or other confidential research, development, or commercial information.'" *Rocky Mountain Med. Mgmt., LLC v. LHP Hosp. Grp., Inc.*, 2013 WL 6446704, at *2 (D. Idaho Dec. 9, 2013) (quoting Fed .R. Civ. P. 45(c)(3)(B)(i)).

Plaintiff seeks information about the business affairs of Citibank, including software used, internal investigations, audits, reviews, fraud detection systems, revenue sharing models, and contracts, financial agreements and communications with other third parties (including other non-parties to this litigation). *See* Exh. 1. It is apparent from the description of these topics alone that they concern Citibank's sensitive, proprietary, non-public information, especially where it involves entities other than AA. Consequently, this Court should also quash this subpoena based on these requests for sensitive information. Should the Court permit any of this discovery, it should do it through the safeguards imposed in the discovery protective order.

Finally, the subpoena should be quashed or modified to the extent that it calls for the deponent to discuss privileged communications, for instance, internal

---

burdensome—namely, from Defendants" and the other documents were "of marginal value.")

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

communications of Citibank's attorneys regarding its fraud investigations. Likewise, Plaintiff is not entitled to work product, for instance, among the communications between counsel for Citibank and AA. *See* Fed. R. Civ. P. 26(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).")

## IV. Conclusion

For the reasons set forth above, this Court should quash the Deposition Subpoena. In the alternative, this Court should issue a protective order limiting the Deposition Subpoena topics to information directly pertaining to Plaintiff Shanna Nachison's account and that cannot otherwise be addressed by AA. Finally, the Court should order that compliance with the Deposition Subpoena be postponed until late February 2025, and that the parties meet and confer regarding the necessity of the deposition after Plaintiff has received and reviewed document productions from Citibank and AA.

DATED: December 12, 2024        BALLARD SPAHR

By: */s/ Angela L. Scott*
      Angela L. Scott

Attorney for Defendant
CITIBANK, N.A.

# CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2024, I electronically filed a true and correct copy of the foregoing through the Court's CM/ECF system, which will send a notice of electronic filing to all parties.

/s/*Angela L. Scott*

Angela L. Scott