Angela L. Scott (SBN 240418)
scotta@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4330
Facsimile: 424.204.4350

Attorney for Defendant
CITIBANK, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NACHISON, *et al.*,<br><br>           Plaintiffs,<br><br>vs.<br><br>AMERICAN AIRLINES,<br><br>           Defendant. | Case No. 5:24-cv-00530-PCP<br><br>**DECLARATION OF ANGELA SCOTT IN SUPPORT OF NONPARTY CITIBANK'S MOTION TO QUASH PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION OF CITIBANK'S PERSON MOST KNOWLEDGEABLE OR FOR PROTECTIVE ORDER**<br><br>Hearing Date: January 16, 2025<br>Time: 10:00 a.m.<br>Courtroom: 8<br><br>Action Filed: January 29, 2024<br>Trial Date: May 5, 2026 |

## DECLARATION OF ANGELA SCOTT

I, Angela Scott, hereby declare as follows:

1. I am an attorney with the firm Ballard Spahr and am representing nonparty Citibank, N.A., regarding subpoenas it received in the above-referenced action. I submit this Declaration in that capacity and in support of Citibank's Motion to Quash the Deposition Subpoena. This declaration is based on my personal knowledge and from

information received from Citibank employees.

2. Attached hereto as Exhibit 1 is a true and correct copy of subpoenas served on Citibank by the Plaintiff in this action on or about November 19, 2024.

3. On or about November 26, 2024, and November 27, 2024, I spoke with counsel for Plaintiff, Mr. Alex Straus, who agreed to extend the deadline for Citibank to object and/or move to quash the subpoenas to December 16, 2024, and Citibank's deadline to comply with the subpoenas to January 17, 2025. Mr. Straus also indicated that he may agree to forgo the deposition in light of the document request, and may agree to at least temporarily withdraw the subpoena if Citibank confirmed it was searching for documents.

4. On December 7, 2024, during a telephone call, Mr. Straus indicated to me that he may agree to at least temporarily withdraw the subpoena if Citibank confirmed it was searching for documents. I noted that, if counsel for Plaintiff would not withdraw the subpoena for deposition testimony, Citibank would be required to move to quash the subpoena in order to preserve its opposition to the subpoena pursuant to Federal Rule of Civil Procedure 45. On December 7, 2024, I asked Mr. Straus via email to withdraw the deposition subpoena until after Citibank addressed document production and any related objections or issues so that the parties could avoid what might be unnecessary litigation regarding the deposition. I noted that, if counsel for Plaintiff would not withdraw the subpoena for deposition testimony, Citibank would be required to move to quash the subpoena in order to preserve its opposition to the subpoena pursuant to Federal Rule of Civil Procedure 45.

5. On December 10, 2024, I sent Mr. Straus and his colleagues an email renewing my request that Plaintiff withdraw the Deposition Subpoena. As of the filing of this motion, Plaintiff's counsel has not approved this request, instead requesting that Citibank demonstrate that the document production will be sufficient.

//

//

      I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed this 12th day of December, 2024, in Los Angeles, California.

                                                                          */s/ Angela L. Scott*
                                                                           Angela L. Scott