# Exhibit 1

11/14/24 10:20 AM Rec'd Jordani Sanchez

Alex R. Straus
280 S. Beverly Drive, PH Suite
Beverly Hills, CA 90212
Telephone: (917) 471-1894
astraus@milberg.com

Person Most Knowledgeable at Citibank, N.A. and/or Citigroup and/or Citicorp
Citibank, N.A. Headquarters
388 Greenwich Street
New York, NY 10013

November 15, 2024

**RE: *Nachison v. American Airlines, Inc.* – Case No. 5:24-cv-00530-PCP**

To Whom This May Concern:

Enclosed please find Plaintiff's Notice of Subpoena and Subpoena of the Person Most Knowledgeable to Testify from Citibank, N.A. and/or Citigroup and/or Citicorp Headquarters at a Deposition in a Civil Action, and Plaintiff's Notice of Subpoena and Subpoena to Produce Documents, Information, or objects to Citibank, N.A. and/or Citigroup and/or Citicorp Headquarters.

The deposition shall take place on December 30, 2024 via videoconference. Kindly contact me, or my paralegal, Amber Brashear at abrashear@milberg.com, to obtain the link and password information.

The subpoenaed documents, information, or objects, shall be produced in accordance to the enclosed Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of the Premises in a Civil Action. Any and all production is due no later than December 16, 2024 by 6:00 p.m. EST. Kindly provide documents to our New York office address, which is provided on the subpoena.

If you should have any questions or concerns regarding the documents contained herein, please contact me directly at the above contact information.

Sincerely,

Alex R. Straus, Esq.

California | Florida | Illinois | Louisiana | Michigan | New Jersey | New York | North Carolina
Puerto Rico | South Carolina | Tennessee | Washington | Washington D.C.
Netherlands | United Kingdom

www.milberg.com



YOUR DREAM TEAM, INC.
P.O. BOX 7312
WESTBURY, NY 11590

VV466

Date 11/18/2024

Void after 90 days

PAY TO THE ORDER OF CitiBank, N.A. $ 40.00

Forty and 00/100 Dollars

TD Bank NA

Memo 12191703 W/F

This is an eChecksPro eCheck. The PAY TO THE ORDER OF line designates the Payee. For questions, call eChecks Pro customer support at 866-248-7572. Ref: 6668-0772

Verify check at https://echecks.com/verify

Cut along this line

## Check appears upside down intentionally

## How to use this check

**Need help?** Visit eChecks.com or call 866-248-7572

| **Step 1**<br>**Print the check** | **Step 2**<br>**Validate it printed correctly** | **Step 3**<br>**Deposit like normal** |
|---|---|---|
| ✓ **Any printer works**<br>✓ **Black or color ink**<br>✓ **Basic white paper** | ✓ **Correct if bank numbers are:**<br>Centered in white space<br>Parallel to edge of the page<br>Clearly printed in dark black ink<br>✕ **Reprint if bank numbers are:**<br>Cut off, skewed, or off-center<br>Smudged or wrinkled<br>Too light to read | 1. **Cut on the dotted line above**<br>2. **Endorse the back**<br>3. **Deposit like normal:**<br>In-person at a bank or credit union<br>Using an ATM<br>Via smartphone mobile deposit<br>With an office check scanner |

**Does your financial institution have questions about this check?**

- This check was printed from an authorized check record. It is not a Check 21 Image Replacement Document.
- To confirm this check was issued by the account holder and details (pay to, amount, routing/account number) remain unmodified, the item's authenticity can be verified using the Deluxe Inc. Check Verification service at https://echecks.com/verify.

**Questions?** Visit **eChecks.com** or call 866-248-7572

## For your records

**Issued date:** 2024-11-18
**Check number:** VV466
**From:** YOUR DREAM TEAM, INC.
**Amount:** $40.00
**Payable to:** CitiBank, N.A.
**Delivery email:** None
**Memo:** 12191703 W/F

Are you a business? To save time, money, and resources, make payments using eChecks Pro. Call 866-248-7572 to get started today!



Alex R. Straus (SBN 312366)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive, PH Suite
Beverly Hills, CA 90212
Telephone: (866) 252-0878
Facsimile: (865)522-0049
astraus@milberg.com

*Attorneys for Plaintiff*
*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

NACHISON, *et al.*,

Plaintiff,

v.

AMERICAN AIRLINES, INC.,

Defendant.

Case No.:5:24-cv-00530-PCP

**PLAINTIFF'S NOTICE OF SUBPOENA OF THE PERSON MOST KNOWLEDGABLE FROM CITIBANK, N.A. and/or CITIGROUP and/or CITICORP HEADQUARTERS TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff, by and through her undersigned counsel, shall serve the attached subpoena to testify at a deposition in this civil action upon the following third party (the "Deponent"):

**PERSON MOST KNOWLEDGEABLE**
**CITIBANK, N.A. and/or CITIGROUP and/or CITICORP HEADQUARTERS**
**388 GREENWICH STREET**
**NEW YORK, NY 10013**

The deposition shall be of the person(s) most knowledgeable regarding Citibank's AAdvantage credit cards, Citibank AAdvantage credit card program, Citibank AAdvantage promotions, and any other information that pertains, relates or refers to the partnership between American Airlines, Inc. and Citibank, N.A. including:

1.     The technical architecture and software used in relation to the Citibank-branded credit card partnerships with American Airlines.

2.     The bonus mile accrual process, fraud detection systems, account management policies, and procedures for account terminations or suspensions related to the Citibank-branded credit card partnerships with American Airlines.

3.     The contractual agreements and financial arrangements between Citibank and American Airlines, Inc. regarding the AAdvantage program, revenue-sharing models, comparisons with other Citibank-branded credit card partnerships, and the financial impact of program changes or account terminations.

4.     The marketing strategies, promotional campaigns, and communications with American Airlines related to the AAdvantage credit card.

5.     The procedures followed to detect and prevent fraudulent activity, internal investigations into exploitative practices or fraud, any audits or reviews conducted to ensure adherence to those standards, and communications with American Airlines related to alleged fraud and AAdvantage account closures.

- 2 -

PLAINTIFF'S NOTICE OF SUBPOENA OF THE PERSON MOST KNOWLEDGABLE FROM CITIBANK, N.A. and/or CITIGROUP and/or CITICORP HEADQUARTERS TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION
CASE NO.: 5:24-cv-00530-PCP

6. The financial impact of the AAdvantage program on Citibank, including revenues generated, costs associated with account terminations or fraud prevention efforts, and any reporting or financial analysis related to the performance of the program.

The referenced subpoena is attached to this notice as Exhibit A.

The Deponent and all parties will be appearing remotely from their own locations. Said deposition will be conducted via videoconference and shall be recorded by both videotape and stenographic method with the capacity to provide instant visual display of the testimony. If said deposition is not completed on the date set, the taking thereof shall continue the day thereafter, Sundays and holidays excluded, until completed. The deposition will be conducted under oral examination, under oath, before a certified court reporter and videographer, who may also participate remotely. The deposition will be scheduled for a mutually convenient time for Defendant and the Deponent.

As permitted under Federal Rule of Civil Procedure 32, Plaintiff reserves the right to use either the stenographic or videotaped version of the deposition of the Deponent, or portions thereof, at trial and/or for any other purpose permitted by law.

- 3 -

PLAINTIFF'S NOTICE OF SUBPOENA OF THE PERSON MOST KNOWLEDGABLE FROM CITIBANK, N.A. and/or CITIGROUP and/or CITICORP HEADQUARTERS TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION
CASE NO.: 5:24-cv-00530-PCP

Dated: November 15, 2024

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

*/s/ Alex R. Straus*
Alex R. Straus (SBN: 312366)
280 S. Beverly Drive, PH Suite
Beverly Hills, CA 90212
Telephone: (866) 252-0878
Facsimile: (865) 522-0049
astraus@milberg.com

William A. Ladnier (SBN 330334)
Virginia Ann Whitener*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
800 Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
wladnier@milberg.com
gwhitener@milberg.com

*Attorneys for Plaintiffs*
*admitted *pro hac vice*.

- 2 -

PLAINTIFF'S NOTICE OF SUBPOENA OF THE PERSON MOST KNOWLEDGABLE FROM CITIBANK, N.A. and/or CITIGROUP and/or CITICORP HEADQUARTERS TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION
CASE NO.: 5:24-cv-00530-PCP

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

**NORTHERN DISTRICT OF CALIFORNIA**

SHANNA NACHISON, on behalf of herself and all others similarly situated,

*Plaintiff*

v.

AMERICAN AIRLINES, INC.,

*Defendant*

Civil Action No. 5:24-cv-00530-PCP

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: **PERSON MOST KNOWLEDGEABLE AT CITIBANK, N.A. AND/OR CITIGROUP AND/OR CITICORP 388 GREENWICH STREET NEW YORK, NY 10013**

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: VIA VIDEOCONFERENCE (LINK TO BE PROVIDED BY UNDERSIGNED COUNSEL) | Date and Time: 12/30/2024 at 10:00 a.m. EST |
|---|---|

The deposition will be recorded by this method: VIDEOTAPE AND STENOGRAPHER

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/15/2024

*CLERK OF COURT*

OR

*/s/ Alex R. Straus*

*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, Shanna Nachison, on behalf of herself and all others similarly situated , who issues or requests this subpoena, are:

Alex R. Straus, Milberg Coleman Bryson Phillips Grossman, PLLC, 280 S. Beverly Drive, PH Suite, Beverly Hills, CA 90212, astraus@milberg.com, (866) 252-0878

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________
on *(date)* __________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ____________________
____________________ on *(date)* __________ ; or

❐ I returned the subpoena unexecuted because: ____________________
____________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Alex R. Straus (SBN 312366)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive, PH Suite
Beverly Hills, CA 90212
Telephone: (866) 252-0878
Facsimile: (865) 522-0049
astraus@milberg.com

*Attorneys for Plaintiff*
*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NACHISON, *et al.*,<br>Plaintiff,<br>v.<br>AMERICAN AIRLINES, INC.,<br>Defendant. | Case No.:5:24-cv-00530-PCP<br><br>**PLAINTIFF'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO CITIBANK, N.A. and/or CITIGROUP and/or CITICORP HEADQUARTERS** |

PLAINTIFF'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO CITIBANK, N.A. and/or CITIGROUP and/or CITICORP HEADQUARTERS
CASE NO.: 5:24-cv-00530-PCP

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff, by and through her undersigned counsel, shall serve the attached subpoena for the production of documents upon the following third party:

**CITIBANK, N.A. and/or CITIGROUP and/or CITICORP HEADQUARTERS**
**388 GREENWICH STREET**
**NEW YORK, NY 10013**

The referenced subpoena is attached to this notice as Exhibit A. . The witness is requested to produce the documents listed in Attachment A to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.

Dated: November 15, 2024

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
*/s/ Alex R. Straus*
Alex R. Straus (SBN: 312366)
280 S. Beverly Drive, PH Suite
Beverly Hills, CA 90212
Telephone: (866) 252-0878
Facsimile: (865) 522-0049
astraus@milberg.com

William A. Ladnier (SBN 330334)
Virginia Ann Whitener*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
800 Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
wladnier@milberg.com
gwhitener@milberg.com

*Attorneys for Plaintiffs*

*admitted *pro hac vice.*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
**NORTHERN DISTRICT OF CALIFORNIA**

SHANNA NACHISON, on behalf of herself and all others similarly situated,
*Plaintiff*
v.
AMERICAN AIRLINES, INC.,
*Defendant*

Civil Action No. 5:24-cv-00530-PCP

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **PERSON MOST KNOWLEDGEABLE AT CITIBANK, N.A. AND/OR CITIGROUP AND/OR CITICORP**
**388 GREENWICH STREET**
**NEW YORK, NY 10013**

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

| Place: MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC<br>ATTN: ALEX R. STRAUS<br>405 East 50th Street<br>New York, NY 10022 | Date and Time:<br>12/16/2024 at 6:00 p.m. EST |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/15/2024

*CLERK OF COURT*

OR

*/s/ Alex R. Straus*

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, Shanna Nachison, on behalf of herself and all others similarly situated, who issues or requests this subpoena, are:

Alex R. Straus, Milberg Coleman Bryson Phillips Grossman, PLLC, 280 S. Beverly Drive, PH Suite, Beverly Hills, CA 90212, astraus@milberg.com, (866) 252-0878

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________

______________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A to Document Subpoena to Produce Documents, Information, or Objects to Citibank, N.A. and/or Citigroup and/or Citicorp Headquarters**

## DEFINITIONS

1.      "Action" means *Nachison, et al. v. American Airlines, Inc.*, No. 5:24-cv-00530-PCP (N.D. Cal.).

2.      "Including" shall be construed to mean "without limitation."

3.      "Regarding" means anything directly or indirectly referring to, relating to, pertaining to, concerning, alluding to, responding to, connected with, commenting on, in respect of, about, discussing, showing, describing, mentioning, analyzing, studying, reflecting, evidencing, containing, or construing, in whole or in part.

4.      "Document" or "Documents" shall be construed in the broadest sense pursuant to Federal Rules of Civil Procedure, and means, without limitation, all written or graphic matter, however produced or reproduced, of every kind and description, in Your actual or constructive possession, custody, care or control, known to You, or which can be located or discovered by You through reasonably diligent efforts, regardless of origin or location. This includes the complete original (or complete copy, if the original is not available) and each non-identical copy. "Document(s)" is intended to have the same meaning as in Federal Rule of Civil Procedure 34, Including, without limitation, all correspondence, writing, emails, Internet messages, intranet messages, inter- or intra-office Communications, inter- or intra-company Communications, text messages, web pages, voicemails, calendars, appointment books, facsimiles, invoices, statements, memoranda, reports, minutes, messages, notes, envelopes, business records, financial statements, market analyses, marketing plans, research, computer printouts, books, pamphlets, periodicals, manuals, blueprints, sketches, drawings, photographs, graphs, charts, statistical records, sound tapes, videos, recordings, or transcriptions, and any other data stored electronically or by other technical means for use with computers or otherwise, technical means for use with computers or otherwise, from which information can be obtained or translated through detection devices into reasonably

- 1 -

ATTACHMENT A TO DOCUMENT SUBPOENA TO CITIBANK, N.A. and/or CITIGROUP
and/or CITICORP HEADQUARTERS
CASE NO.: 5:24-cv-00530-PCP

usable form. This includes, but is not limited to, data stored or maintained on audio tape, video tape, magnetic tape, CD-ROM, floppy disk, hard disk, photograph, or phono record, and includes data stored or maintained on third-party email and/or mobile devices, cloud-based storage, cloud-based applications, cloud-based databases, social media accounts, or messaging applications, and Including any other data compilation or graphic matter of any type or description from which information can be obtained or translated as set forth in Federal Rule of Evidence 1001. If a Document has been prepared in several copies, which are for any reason not identical, or if the original identical copies are no longer identical due to subsequent notation or other modification of any kind whatsoever, Including but not limited to notations on the backs of pages thereto, each non-identical copy is a separate Document. The terms "Document" or "Documents" also include all Electronically Stored Information.

5.     "Communication," "Communications," and "Correspondence" include any letter, facsimile, memorandum, notes, electronic mail, audio or video recording of a conversation, or any other recording, in any medium, of any message, Including drafts, whether sent or not sent, and Including and not limited to social media sites, websites, marketing, blogs, forums, and discussions. "Communications" also includes all Documents reflecting Communications.

6.     The term "Electronically Stored Information" or "ESI" includes information as defined by the Federal Rules of Civil Procedure and the case law developing those rules consistent with the Stipulated Protocol on the Discovery of Electronically Stored Information in this Action.

7.     "American," "American Airlines," or "Defendant" means Defendant American Airlines, Inc., Including Defendant American Airlines, Inc.'s present and former officers, directors, employees, representatives and agents and all of its predecessors, successors, parents, subsidiaries, affiliates, offices, operating units, controlling Persons, controlled Persons, sales representatives, divisions, branches, partnerships, trusts, and all of its present and former officers, directors, employees, representatives and agents (Including but not limited to accountants or consultants).

- 2 -

ATTACHMENT A TO DOCUMENT SUBPOENA TO CITIBANK, N.A. and/or CITIGROUP
and/or CITICORP HEADQUARTERS
CASE NO.: 5:24-cv-00530-PCP

8. "You," "Your," "Citibank, N.A." and "Citibank" means Citibank Bank, Including Citibank Bank's present and former officers, directors, employees, representatives and agents, and all of its predecessors, successors, parents, subsidiaries, affiliates, offices, operating units, controlling Persons, controlled Persons, sales representatives, divisions, branches, partnerships, and trusts (Including but not limited to accountants or consultants).

9. "AAdvantage" or "AAdvantage Program" means American's frequent flyer rewards program.

10. "AAdvantage Account" or "AAdvantage Accounts" means each and all Persons enrolled in the AAdvantage Program.

11. "Exploitive Practice" has all meanings attributed to the term by American in its AAdvantage Program termination Communications.

12. "Citibank/AAdvantage Credit Cards" means co-branded cards between Citibank and American.

13. "Bonus Miles" means AAdvantage miles awarded by Citibank after reaching certain spending thresholds pursuant to co-branded credit card promotional agreements.

14. "Person" or "Persons" means, without limitation, any individual, corporation, any form of partnership, limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity."

15. "Complaint" means the operative Complaint filed in the case entitled *Nachison, et al. v. American Airlines, Inc.*, United States District Court for the Northern District of California Case No. 5:24-CV-00530-PCP.

16. "Marketing Materials" means any promotion, promotional campaign, contest, marketing, flyer(s), mailer(s), post card(s), online offer(s), social media marketing, or any other method, regardless of the medium through which it was disseminated and/or produced, promoting Citibank/AAdvantage Credit Cards.

- 3 -

ATTACHMENT A TO DOCUMENT SUBPOENA TO CITIBANK, N.A. and/or CITIGROUP and/or CITICORP HEADQUARTERS
CASE NO.: 5:24-cv-00530-PCP

17.    "Relevant Time Period" means 2018 to the present, Including from the date American and Citibank began communicating Regarding their partnership to open the AAdvantage Credit Card promotions.

18.    "Promotional Offer(s)" refers to offers from Citibank to apply for Citibank/AAdvantage Credit Cards.

19.    "Plaintiff" means Plaintiff Shanna Nachison.

20.    The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Interrogatory inclusive rather than exclusive.

21.    The terms "any" and "all" shall each be construed to mean "any and all."

22.    The term "each" includes the word "every" and "every" includes the word "each."

23.    The masculine form of any noun or pronoun includes the feminine and the neuter form and the feminine or neuter form includes the masculine form.

24.    The use of the singular form of any word includes the plural, and the use of the plural includes the singular.

25.    All other capitalized terms not otherwise defined herein shall have the meanings provided in the Claim

**INSTRUCTIONS**

1.    You are required to produce all requested Documents that are in Your possession, custody, or control, Including: Documents in the possession, custody, or control of You or Your affiliates; of Your merged and acquired predecessors; of Your present and former—to the extent involved—directors, officers, partners, employees, independent contractors over whom You exerted control, accounts, attorneys, or other agents; and of any other Person acting on Your behalf.

2.    These Requests for Production are to be answered separately and fully, in writing, within the time limits described above.

3.    If You object to answering any of these Requests, or withhold information, Documents, ESI, or things from production in response to these Requests, in whole or in part, please

- 4 -

ATTACHMENT A TO DOCUMENT SUBPOENA TO CITIBANK, N.A. and/or CITIGROUP
and/or CITICORP HEADQUARTERS
CASE NO.: 5:24-cv-00530-PCP

state in full Your objection(s) or reason(s) for not responding, and state all factual and legal justifications that You believe support Your objection or failure to answer or produce. If You object to answering only part of a discovery request, specify the part to which You object and ground(s) for such objection(s) and respond to the remainder.

4. If You claim any ambiguity in interpreting a Request, Instruction, or Definition, Your claim shall not be utilized as a basis for refusal to respond to the Request, and You shall set out in Your response the language deemed ambiguous and the interpretation used in responding to that Request.

5. If You deem any Request to call for privileged information, Documents, or ESI, and assert such privilege to avoid divulging such information, please provide a privilege log containing information sufficient so that a court may rule on the claim of privilege. Such log should be produced contemporaneously with Your answers and responses hereto, and should provide the following information with respect to each item of information or each Document or ESI, so withheld:

a. Its date;

b. Its author(s), its signator(s), and those who participated in its preparation;

c. The type of Document being withheld (*e.g.*, letter, chart, memorandum, etc.);

d. A description of the allegedly privileged Communication, Document, or ESI withheld, Including a description of its length and subject matter;

e. A list of those Persons to whom said Document(s) was disseminated, together with their last known addresses and business affiliations;

f. The nature of the privilege or other rule relied upon in withholding production of each such Document or ESI;

g. The basis for the assertion of the privilege or other rule relied upon in withholding production of each such Document (if the basis of the claim of privilege is attorney work product, identify the proceeding for which the Document or EST was prepared); and

- 5 -

ATTACHMENT A TO DOCUMENT SUBPOENA TO CITIBANK, N.A. and/or CITIGROUP and/or CITICORP HEADQUARTERS
CASE NO.: 5:24-cv-00530-PCP

h.    The specific Request(s) to which the allegedly privileged Communication, Document, or ESI relates.

6.    All Documents and data requested shall be produced as they are kept in the ordinary course of business and organized and labeled to correspond with each Request.

7.    If any Document or data requested is not kept, or has not been kept, in electronic form in the ordinary course of Your business, or is otherwise not available in electronic form, please so state and produce such Document(s) or data in hard copy.

8.    With respect to any Document or data maintained or stored electronically, please harvest and produce it in a manner that maintains the integrity and readability of all data, Including all metadata. Wherever possible, please produce all Documents maintained or stored electronically in a .csv, .txt, or other native flat file format, with all metadata intact. For any responsive spreadsheet (e.g., .xls, .xlsx, .numbers) or presentation (e.g., .ppt, .pptx, .key), please produce the native file, with all metadata intact, and with hidden content made visible. Encrypted or password-protected Documents should be produced in a form permitting them to be reviewed.

9.    You are requested to immediately meet and confer Regarding the manner in which You shall produce Documents stored electronically in order for the Parties to attempt to reach agreement in this regard and avoid any unnecessary expense.

10.    Each Document produced shall be identified in a manner so as to clearly specify the specific Person or source from which the Document was obtained or originated.

11.    If, after exercising due diligence to secure the requested Documents or data, You are unable to presently respond to a Request in full, You should so state in Your response and fully explain the reason for such inability to secure the requested Documents or data. Nevertheless, under such circumstances, You should still respond to the Request with the Documents, data, or information You currently possess.

- 6 -

ATTACHMENT A TO DOCUMENT SUBPOENA TO CITIBANK, N.A. and/or CITIGROUP
and/or CITICORP HEADQUARTERS
CASE NO.: 5:24-cv-00530-PCP

**DOCUMENTS, INFORMATION, OR OBJECTS TO BE PRODUCED**

1.    All copies of agreements, contracts, memoranda of understanding, or other written Documents between Citibank and American Airlines, relating to the Citibank-AAdvantage credit card program, Including any amendments, addenda, or related Documents from inception to the present.

2.    All promotional materials, advertisements, and Communications distributed to potential cardholders from 2017 to 2020 Regarding the Citibank-AAdvantage credit card program, Including but not limited to brochures, flyers, digital media, email campaigns, and Documents detailing promotional terms, offers, and conditions.

3.    All Communications between Citibank and American Airlines, concerning the Citibank-AAdvantage credit card program, Including but not limited to promotional materials, marketing campaigns, policies, procedures, audits, terms and conditions, customer Communications, and Communications related to the termination of AAdvantage accounts.

4.    All internal policies, procedures, guidelines, or protocols implemented by Citibank governing the issuance, management, and administration of Citibank-AAdvantage credit cards, Including those relating to eligibility, creditworthiness, bonuses, rewards, and fulfillment of Bonus Miles promotions.

5.    All Documents, reports, analyses, and correspondence related to Citibank's actions, Including any responses, decisions, or Communications, in connection with the termination or suspension of AAdvantage accounts by American Airlines, if any, and any internal reviews or investigations conducted as a result.

6.    All reports, analyses, or Documents generated by Citibank Regarding potential or alleged fraud in connection with Citibank-AAdvantage credit card promotions, Including any investigation findings, risk assessments, and preventive measures taken.

- 7 -

ATTACHMENT A TO DOCUMENT SUBPOENA TO CITIBANK, N.A. and/or CITIGROUP
and/or CITICORP HEADQUARTERS
CASE NO.: 5:24-cv-00530-PCP

7.    All Documents and Communications within Citibank that relate to, refer to, or pertain to the AAdvantage program's terms and conditions, Including but not limited to Documents sufficient to identify any changes made to the AAdvantage terms and conditions or restrictions.

8.    All Documents relating to any Complaints, inquiries, or Communications from any Person Regarding AAdvantage account closures, forfeited miles, or canceled flights as a result of AAdvantage account closures due to allegations of fraud.

9.    All internal Communications within Citibank Regarding differences between the AAdvantage program and promotions with other companies, Including but not limited to, accounts with multiple cards, and what constitutes fraudulent activity surrounding those accounts.

10.    All Communications between Citibank and American Airlines Regarding AAdvantage account promotions, Including but not limited to AAdvantage card restrictions and AAdvantage account closures due to an alleged fraud or "Exploitative Practice."

11.    All Documents that define or otherwise explain what constitutes fraudulent activity concerning Citibank cardholder accounts.

12.    All Documents and Communications, either internal or external, evidencing the sale or transfer of AAdvantage miles to Citibank for use in AAdvantage card promotions.

13.    All Communications between Citibank and American Airlines concerning the cancellation of miles credited to Citibank-AAdvantage cardholders.

14.    Organizational charts or other Documents sufficient to identify the agents or employees of Citibank involved in the investigation and/or termination of AAdvantage accounts due to alleged fraud or "Exploitative Practices."

15.    Organizational charts or other Documents sufficient to identify the agents or employees of Citibank involved in the development, design, production, and/or dissemination of Marketing Materials related to the AAdvantage program.

16.    Organizational charts or other Documents sufficient to identify the agents or employees of Citibank involved in the development of AAdvantage credit cards.

- 8 -

ATTACHMENT A TO DOCUMENT SUBPOENA TO CITIBANK, N.A. and/or CITIGROUP
and/or CITICORP HEADQUARTERS
CASE NO.: 5:24-cv-00530-PCP

17.    All Communications Regarding the use of pre-filled and/or editable forms for AAdvantage credit card applications and AAdvantage promotions.

18.    All hyperlinks, and copies of the webpages associated with those hyperlinks, which were provided to AAdvantage cardholders.

19.    All Documents Regarding the financial impact on Citibank as a result of AAdvantage account closures due to an alleged fraud or "Exploitative Practice."

20.    All Documents, Including but not limited to data, databases, charts, and Communications, Regarding the exchange of information between Citibank and American Airlines concerning the AAdvantage program.

- 9 -

ATTACHMENT A TO DOCUMENT SUBPOENA TO CITIBANK, N.A. and/or CITIGROUP
and/or CITICORP HEADQUARTERS
CASE NO.: 5:24-cv-00530-PCP

Dated: November 15, 2024

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
*/s/ Alex R. Straus*
Alex R. Straus (SBN: 312366)
280 S. Beverly Drive, PH Suite
Beverly Hills, CA 90212
Telephone: (866) 252-0878
Facsimile: (865) 522-0049
astraus@milberg.com

William A. Ladnier (SBN 330334)
Virginia Ann Whitener*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
800 Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
wladnier@milberg.com
gwhitener@milberg.com

*Attorneys for Plaintiffs*
Admitted **pro hac vice*

- 10 -

ATTACHMENT A TO DOCUMENT SUBPOENA TO CITIBANK, N.A. and/or CITIGROUP and/or CITICORP HEADQUARTERS
CASE NO.: 5:24-cv-00530-PCP