Alex R. Straus (SBN 321366)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive, PH Suite
Beverly Hills, CA 90212
Telephone: (866) 252-0878
Facsimile: (865) 522-0049
astraus@milberg.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SHANNA NACHISON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No. 5:24-cv-00530-PCP<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO NON-PARTY CITIBANK, N.A.'S MOTION TO QUASH SUBPOENA**<br><br>**Hearing:** **January 28, 2025**<br>Time: 10:00 a.m.<br>Courtroom: 8<br><br>Action Filed: January 29, 2024<br>Trial Date: May 5, 2026 |

**TABLE OF CONTENTS**

I.    INTRODUCTION ………………………………………………... 3

II.   ARGUMENT……………………………………………………… 4

    A.  Plaintiff's Deposition Subpoena Does Not Impose an Undue Burden on Citibank …………………………………………. 4

        1.  "Overlap" between deposition topics and requested documents does not establish an undue burden ………………………… 4

        2.  Plaintiff's deposition subpoena is not irrelevant, overly broad, or burdensome ……………………………………………. 6

        3.  Even if the deposition subpoena seeks information within Defendant's possession, Citibank's responses may provide differing or other relevant information ……………………… 7

        4.  To the Extent Plaintiff's Subpoena Seeks Sensitive, Protected Information, the Protective Order Established in this Action Safeguards Citibank …………………………………………… 8

III.  CONCLUSION …………………………………………………… 9

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                  **Pages(s)**

*Call of the Wild Movie, LLC v. Does 1-1,062*,
    770 F. Supp. 2d 332, 354 (D.D.C. 2011) ………………………………………….. 6

*Cuviello v. Feld Ent. Inc.*, 2014 WL 12607811
    (N.D. Cal. Nov. 14, 2014) ……………………………………………………………. 7

*Doe v. Kaiser Found. Health Plan, Inc.*,
    2023 WL 8714880 (N.D. Cal. Dec. 17, 2023) ………………………………………. 10

*EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*,
    2012 WL 1980361, at *4 (N.D. Cal. June 1, 2012) ………………………………….... 8

*Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005)

*In re Uber Techs., Inc., Passenger Sexual Assault Litig..*
    (N.D. Cal. July 14, 2024) …………………………………………………………….... 9

*IPCom GMBH & Co. KG v. Apple Inc.*,
    61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) ………………………………………….... 6, 9, 10

*Surfvivor Media, Inc. v. Survivor Prods.*,
    406 F.3d 625, 635 (9th Cir. 2005) ……………………………………………………. 8

**Statutes**

Fed. R. Civ. P. 45(d)(3)(A)(iv) ………………………………………………………….. 6

I.  **INTRODUCTION**

Plaintiff Shanna Nachison issued two subpoenas to Citibank, N.A. ("Citibank"): one seeking documents (the "document subpoena") and the other seeking testimony (the "deposition subpoena").[1] Plaintiff issued these subpoenas because Citibank, although not a party to this Action, partnered with Defendant American Airlines, Inc. ("American Airlines") to establish credit card promotions linked with users' American Airlines AAdvantage accounts. It was through these promotions that Plaintiff and putative class members opened and used Citibank-AAdvantage credit cards, which American Airlines claims formed a basis for it to close Plaintiff's and class members' AAdvantage accounts. Thus, Citibank has information within its possession that is relevant to Plaintiff's claims and necessary to resolve this Action.

Given the relationship between Citibank and American Airlines, Plaintiff sought information pertaining to the approval process of AAdvantage Citibank credit cards, promotional materials and other communications distributed to cardholders in the relevant period, communications and cross-check mechanisms between Citibank and American Airlines, internal policies governing the issuance, management, and administration of Citibank-AAdvantage credit cards, and other information and documents relevant and material to Plaintiff's claims. These requests are reasonable in scope and nature. Given that Plaintiff is still awaiting American Airlines' rolling production of documents, it is unclear whether American Airlines will produce documents that may be responsive to the requests posed to Citibank, if any such documents or information are even within American Airlines' possession. This uncertainty, thus, necessitated the issuance of the subpoenas to Citibank and require Citibank's responses.

Citibank asserts that Plaintiff's deposition subpoena "violates the rule of proportionality and imposes an undue burden on nonparties" because (1) its topics overlap with the accompanying document subpoena; (2) it is irrelevant, overly broad, and burdensome; (3) it seeks information

---

[1] Citibank's motion appears limited only to requesting that the Court quash Plaintiff's deposition subpoena. Citibank's Mot., ECF No. 61 ("Mot."), at 1. Given this, Plaintiff's document subpoena remains enforceable against Citibank.

within Defendant American Airlines' possession; and (4) and seeks sensitive, protected information. Mot. 5-10. However, Citibank has not—and cannot—establish that the burdens, if any, imposed by these subpoenas are so significant as to warrant this Court quashing either subpoena. Indeed, quashing or modifying the subpoena may significantly prejudice Plaintiff's ability to develop evidence throughout discovery from American Airlines. Thus far, American Airlines has been slow to produce responsive documents. Accordingly, this Court should deny Citibank's Motion to Quash the subpoena.

## II.   ARGUMENT
### A. Plaintiff's Deposition Subpoena Does Not Impose an Undue Burden on Citibank.

Pursuant to Federal Rule of Civil Procedure 45, a court must quash or modify a subpoena that would subject a non-party to "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). As the party seeking to quash a subpoena, Citibank has the burden to establish that the subpoena should be quashed or modified. *See IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) ("In a motion to quash a subpoena issued in civil litigation…the burden of persuasion is borne by the movant"); *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005). Plaintiff, as the issuing party, must demonstrate that the information sought is "relevant and material to the allegations and claims at issue in the proceedings." *Id.* at 654 (internal quotation marks omitted). Generally, courts are wary of quashing subpoenas, as doing so violates the general preference for broad discovery. *See Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 354 (D.D.C. 2011).

#### 1. "Overlap" between deposition topics and requested documents does not establish an undue burden.

Citibank first asserts that the deposition subpoena establishes undue burden because its "topics will likely be addressed by documents responsive to the [d]ocument [s]ubpoena." Mot. 6-7. Primarily, Citibank argues that because "[d]iscovery is open until March, . . . Plaintiff [has]

- 5 -

ample time to review any documents produced by Citibank and pursue additional related-party discovery if needed." *Id.* at 7. It is true that, when given sufficient time to review Citibank's produced documents, Plaintiff may determine that she need not seek the deposition of a Citibank representative to either discuss the produced documents or answer other questions regarding the relationship between Citibank and American Airlines or to discuss the implementation of the credit card promotions underlying the claims here. However, because Citibank has *not yet produced* documents as of the date of this Response, it remains impossible for Plaintiff to make such a determination at this time.[2]

The extent of Citibank's argument at present seems to be that there are "overlapping categories" between the documents requested and the topics to be discussed at a deposition. Mot. 3. But some overlap—which remains nebulously defined—does not constitute the sort of "undue burden" that would require this Court to quash or modify the deposition subpoena. *See Cuviello v. Feld Ent. Inc.*, 2014 WL 12607811 (N.D. Cal. Nov. 14, 2014) ("there is no merit to the [non-party]'s contention that the deposition subpoenas are unduly burdensome simply because they may solicit testimony that overlaps with previous testimony.") Indeed, a person knowledgeable about the requested topics can answer questions about the documents, which may not speak for themselves. At this point, Plaintiff cannot preview whether the documents produced by Citibank will sufficiently "speak for themselves," such that further inquiry from a deponent will not be necessary. Further, relevant information about the relationship between Citibank and American

---

[2] Plaintiff's counsel asked Citibank to confirm whether its search had identified any responsive documents and, if so, to approximate the size of any forthcoming document production. [Straus Decl.¶¶ 5-7]. Citibank was unable or unwilling to provide any information regarding its document search. Without some reassurance, Plaintiff's counsel cannot know whether any forthcoming document production, if any, will provide relevant, responsive documents that would moot the need for the deposition subpoena. Without such reassurances, it remains impossible for Plaintiff—let alone this Court—to agree to withdraw or modify the deposition subpoena.

- 6 -

Airlines, or about the credit card promotions and their specific terms—including, for example, whether opening multiple credit cards during the promotion is considered fraudulent—may not be memorialized within any document. Thus, the deposition testimony may still be necessary and not overly or unduly burdensome. It is clear at this point, however, that Citibank's arguments do not establish the sort of "undue burden" that would require the Court to quash or modify the deposition subpoena.

### 2. **Plaintiff's deposition subpoena is not irrelevant, overly broad, or burdensome.**

Plaintiff maintains the burden to demonstrate that the information sought in its deposition subpoena is relevant and material to the allegations and claims at issue. *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, 2012 WL 1980361, at *4 (N.D. Cal. June 1, 2012). Citibank asserts that Plaintiff cannot meet this burden "because the Deposition Subpoena is overbroad on its face" and seeks information that "is not relevant." Mot. 7-8. Notably, despite arguing that there is considerable overlap between the deposition subpoena and the document subpoena, Citibank does not claim that the document subpoena—which it contends seeks the same information—is "overbroad" or entirely "not relevant."

Information sought during discovery is "relevant" if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.,* 406 F.3d 625, 635 (9th Cir. 2005). Here, Plaintiff seeks, for example, information pertaining to the software Citibank used in tracking Citibank-AAdvantage credit cards, fraud detection systems and management policies in place, contractual agreements between Citibank and American Airlines, promotional campaigns and materials relating to the Citibank-AAdvantage credit cards, fraud prevention measures, and the financial implication of account termination relating to the Citibank-AAdvantage credit card program at the center of this dispute. Each of these topics

- 7 -
PLAINTIFF'S RESPONSE IN OPPOSITION TO
NON-PARTY'S MOTION TO QUASH SUBPOENA
CASE NO.: 5:24-cv-00530-PCP

*directly* relate to the claims Plaintiff has brought against American Airlines for the improper termination of her AAdvantage account based on her use of Citibank-AAdvantage credit cards. Given that American Airlines claims that Plaintiff and other class members engaged in fraudulent promotional credit card activity—including fraudulently opening or using Citibank-AAdvantage credit cards—these topics are patently likely to lead to the discovery of admissible evidence. Moreover, the deposition subpoena topics are circumscribed and designed to ensure that a deponent can be identified to provide relevant information that will aid Plaintiff in proving her claims and establishing that class certification is proper.

Even assuming that Plaintiff's deposition subpoena topics were overly broad, the Court should modify the subpoena, rather than quash it. *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*,(N.D. Cal. July 14, 2024) (limiting overly broad while enforcing portion that was deemed not overly broad). Plaintiff disputes that even this is necessary. Instead, given that the deposition subpoena seeks information that is relevant and likely to lead to the discovery of evidence establishing Plaintiff's claims and the propriety of class certification, the Court should deny the motion to quash.

3. **Even if the deposition subpoena seeks information within Defendant's possession, Citibank's responses may provide differing or other relevant information.**

Citibank next asserts that Plaintiff's deposition subpoena seeks information that is "also likely available from [Defendant American Airlines]." Mot. 8. But whether information is "likely available," without more, is no reason to quash Plaintiff's subpoena. As the movant, Citibank holds the burden to establish that the information sought is within American Airlines' possession and will be produced. Citibank has failed to meet that burden. *See IPCom GMBH & Co. KG v.*

- 8 -
PLAINTIFF'S RESPONSE IN OPPOSITION TO
NON-PARTY'S MOTION TO QUASH SUBPOENA
CASE NO.: 5:24-cv-00530-PCP

*Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014); *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005).

Indeed, if American Airlines asserts that it either (1) does not have this information in its possession or (2) need not produce this information, then Citibank's arguments on this front would directly fail. At this point, given that American Airlines has been slow to produce documents on a rolling basis, and given that Citibank has not yet produced documents subject to Plaintiff's document subpoena, it remains impossible to determine whether the requested information is available from Defendant American Airlines—and, more to the point, it remains impossible for Citibank to thus meet its burden to quash or modify the subpoena.

Citibank's arguments that "Plaintiff should seek [this] information from [American Airlines]" and that Plaintiff "has ample opportunity to pursue this information from a party," Mot. 9, is not the governing standard in whether to quash or modify this subpoena. Plaintiff has sought this information from Defendant American Airlines, but merely because American Airlines may have evidence relevant to the requested information (which remains unclear given that American Airlines has not yet completed it document production or been deposed), Citibank may have different information.

4. **To the Extent Plaintiff's Subpoena Seeks Sensitive, Protected Information, the Protective Order Established in this Action Safeguards Citibank.**

Citibank asserts that the deposition subpoena "seeks sensitive, protected information." Mot. 9. The Court, however, should not quash the subpoena on this basis, given that a protective order is already established in this Action to ensure the protection of such "sensitive, protected information." *See Doe v. Kaiser Found. Health Plan, Inc.*, 2023 WL 8714880 (N.D. Cal. Dec. 17, 2023) (denying motion to quash on the grounds that the information it sought to protect was already subject to a protective order). Indeed, Citibank appears to recognize this approach, given

that it notes that any such deposition should be taken "through the safeguards imposed in the discovery protective order." Mot. 9.

Plaintiff recognizes that the Protective Order in this Action, ECF No. 54, should apply to protect and safeguard Citibank from the improper dissemination of deposition testimony discussing its business affairs, confidential information, trade secrets, and other protected information. Given that the Protective Order can apply to cover the requested deposition, the Court should not quash the subpoena.[3]

## IV.  CONCLUSION

Based on the discussion herein, this Court should deny Citibank's Motion to Quash the subpoena because the testimony sought is relevant and material and Citibank has not met its burden to show that Plaintiff's subpoena imposes an undue burden.

Respectfully submitted,

DATED: December 26, 2024

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

*/s/ Alex R. Straus*
Alex R. Straus (SBN 321366)
280 S. Beverly Drive
Beverly Hills, CA 90212
Telephone:  (866) 252-0878
Facsimile:   (865) 522-0049
astraus@milberg.com

*Attorney for Plaintiffs*

---

[3] Citibank also asserts that Plaintiff's deposition subpoena seeks privileged communications and protected work product. Mot. 9-10. Plaintiff does not intend to seek privileged communications, such as "communication of Citibank's attorneys regarding its fraud investigations." *Id.* at 10. To the extent that the Court believes that the deposition subpoena seeks such privileged and protected information, the Court should modify—rather than quash—the subpoena and allow the deposition to proceed. *See* Fed. R. Civ. P. 45(d)(3)(B)(i).

- 10 -

## CERTIFICATE OF SERVICE

I, Alex R. Straus, certify that on December 26, 2024, I caused the foregoing Plaintiffs' Response In Opposition To Non-Party's Motion to Quash Subpoena to be filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

Dated: December 26, 2024              /s/ *Alex R. Straus*
                                      Alex R. Straus