Angela L. Scott (SBN 240418)
scotta@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4330
Facsimile:  424.204.4350

Attorney for Defendant
CITIBANK, N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

NACHISON, *et al.*,

                                    Plaintiffs,

            vs.

AMERICAN AIRLINES,

                                    Defendant.

Case No. 5:24-cv-00530-PCP

**NONPARTY CITIBANK, N.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION OR FOR PROTECTIVE ORDER**

Hearing Date:   January 28, 2025
Time:               10:00 a.m.
Courtroom:      8

Action Filed:    January 29, 2024
Trial Date:       May 5, 2026

Ballard Spahr LLP
999 Peachtree Street
Suite 1000
Atlanta, GA 30309-3915
Telephone: 678.420.9300

DMFIRM #415008150 v1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Plaintiff Shanna Nachison issued two subpoenas to nonparty Citibank, N.A. ("Citibank"); one seeking documents ("Documents Subpoena") and one seeking testimony ("Deposition Subpoena").  After Plaintiff's counsel refused to withdraw the Deposition Subpoena while Plaintiff and Citibank navigated the Document Subpoena, Citibank moved to quash the Deposition Subpoena.  Plaintiff's counsel filed an opposition to Citibank's motion on December 26, 2025.  The Court granted the parties' stipulation for a briefing extension, allowing Plaintiff's counsel to modify her opposition brief by January 9, 2025, and permitting Citibank to file any reply by January 16, 2025.  Plaintiff did not file a revised brief.

In her opposition, Plaintiff concedes that "when given sufficient time to review Citibank's produced documents, Plaintiff may determine that she need not seek the deposition of a Citibank representative …"  Doc. 64 at p.6 .  Nevertheless, Plaintiff persists in her subpoena, failing to acknowledge Citibank's unique position as a nonparty to this action.  Instead, Plaintiff seeks to justify her burdensome subpoena by blaming the defendant in this case, American Airlines ("AA"), for being "slow to produce." Doc. 64 at 9.  Plaintiff also defends her position by noting that Citibank's representative may be able to explain some of the documents that Citibank ultimately produces, and by claiming that Citibank's production will be safeguarded by the protective order currently in place in the case.  None of these rationales justify the premature, wide-ranging Deposition Subpoena, and the Court should grant Citibank's motion to quash it.

### II.    Discussion

####     A.    This Court should not ignore the overlap between the deposition topics and requested documents.

Plaintiff urges the Court to disregard the overlap between the Deposition Subpoena and the Document Subpoena while at the same time conceding that "when

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

given sufficient time to review Citibank's produced documents, Plaintiff may determine that she need not seek the deposition of a Citibank representative."  Doc 64 at p. 6.  The Court should not view the overlap issue in a vacuum as suggested by Plaintiff.  As noted in Citibank's Motion, Courts look at several factors to determine undue burden.  *See Pizzuto v. Tewalt*, 2024 U.S. Dist. LEXIS 182150, *12 (D. Idaho Oct. 4, 2024).  Even the out-of-circuit case cited by Plaintiff for the concept of "broad discovery" actually states, "Quashing subpoenas goes against courts general preference for a broad scope of discovery, **[but] limiting discovery is appropriate when the burden of providing the documents outweighs the need for it.**"  *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 354 (D.D.C. 2011) (internal citations omitted) (emphasis added).  There, the Court highlighted the fact that the subpoenaed nonparty "[did] not dispute that the identifying information sought by the subpoenas [was] critical to the plaintiffs' lawsuits"— a concession that Citibank certainly has not made in this case.  *Id.* at 355.

Plaintiff also cites *Cuviello v. Feld Ent. Inc.*, 2014 WL 12607811 (N.D. Cal. Nov. 14, 2014) to support her argument that overlap does not make a subpoena unduly burdensome.  There, however, the Court actually found significant the *lack* of overlap – "The officers also do not suggest that the evidence sought here … was elicited in previous depositions … The likely benefit of this **previously unsolicited** testimony therefore outweighs any inconvenience that the officers will incur."  *Id.* at *2 (emphasis added).  Even more noteworthy is that the nonparties subpoenaed in *Cuviello* "fail[ed] to identify any permissible, less-burdensome way in which Cuviello might elicit the requisite testimony.  *Id.* at *2.  Here, Citibank has repeatedly identified a less-burdensome option— taking the deposition of AA's representative.

**B.**    **<u>The Court should reject Plaintiff's claim that the Deposition Subpoena is not irrelevant, overly broad or burdensome.</u>**

Citibank identified the reasons that the Deposition Subpoena is irrelevant,

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

overly broad and unduly burdensome in its initial brief and, therefore, will not reiterate those grounds here. Citibank does note here, however, that Plaintiff seems to make much of Citibank not arguing in its Motion that the *Document* Subpoena is overbroad or not relevant. Doc. 64 at p. 7. Plaintiff's argument is inapposite. Citibank's Motion to Quash was aimed exclusively at the Deposition Subpoena because Federal Rule of Civil Procedure 45 requires such motions instead of written objections when it comes to subpoenas for deposition testimony. *See* Fed. R. Civ. Proc. 45(d)(2), (3). Rule 45 permits document subpoenas to be addressed via written objection, which Citibank timely served on Plaintiff's counsel and which contained a plethora of objections to Plaintiff's Document Subpoena requests, including objections based on relevance and overbreadth. *See* Declaration of Angela Scott, ¶ 2, Exh. 1.

### C.   That Citibank "may" provide information different from defendant AA in this matter is no reason to burden a Citibank representative with this deposition.

Plaintiff claims that, in order to carry its burden, Citibank must prove that the information sought is in defendant's possession and will be produced. Doc. 64 at p. 8-9. That is not the standard, nor could it be, because no nonparty would be able to predict what would be provided by a defendant unless the nonparty had full access to the defendant's files and control of its discovery production. Indeed, the standard, even as set forth in the cases cited by Plaintiff, is simply that the burden of persuasion is borne by the movant. *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014); *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. 2005). Plaintiff's real hurdle – and the reason it is burdening Citibank with this Deposition Subpoena – is that AA has been "slow to produce" by Plaintiff's standards. Doc. 64 at 9. That a plaintiff has not received discovery quickly enough from a defendant is not justification to seek it from a nonparty. Plaintiff's recourse is to address the discovery issue with the Court.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH

**D.**    **The existence of a protective order does not justify the deposition subpoena.**

Finally, Plaintiff asserts that the protective order in this case justifies subpoenaing testimony from a Citibank representative regarding sensitive, propriety information.  Plaintiff fails to address the fact that a nonparty is entitled to special consideration.  *See* Fed. R. Civ. P. 45, Advisory Committee Note of 1991; *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 U.S. Dist. LEXIS 110824, *11 (N.D. Cal. Aug. 7, 2012) ("The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts."); *Exxon Shipping Co v. United States Dep't of Interior.*, 34 F.3d 774, 779 (9th Cir. 1994) ("The Federal Rules also afford nonparties special protection against the time and expense of complying with subpoenas.").  Here, the Court should exercise its discretion to protect this information despite the protective order because Plaintiff seeks it from a nonparty and it could just as easily seek it from the defendant in this case, AA.  Moreover, Rule 45 expressly contemplates the quashing of a subpoena that seeks trade secrets.  Fed. R. Civ. Proc. 45(d)(3)(B).  Also noteworthy is that plaintiff is, by her own admission, in the early stages of discovery with AA and may not need the information she seeks via deposition from Citibank.  Consequently, the Court is well within its authority to quash the subpoena as premature despite the protective order.  *See, e.g., In re Vitamins Antitrust Litig.*, 267 F. Supp. 2d 738, 742 (S.D. Ohio 2003) (quashing a subpoena for trade secrets of a nonparty "at this time" because, among other reasons, it was premature given the pending motion to dismiss).

The Court should not weigh heavily the case cited by Plaintiff in support of her protective order argument – *Doe v. Kaiser Found. Health Plan, Inc.*, 2023 WL 8714880 (N.D. Cal. Dec. 17, 2023).  First, it was Kaiser, not the nonparties, who moved to quash, a fact that the Court weighed against Kaiser in finding that it did not have standing to dispute relevance or burden.  *Id.* at *3.  Second, the Court was

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH

not persuaded by Kaiser's trade secrets arguments regarding *its own documents* possessed by the third parties, noting "information disclosed to third parties has by definition lost its secrecy." *Id.* at *4. Here, unlike in *Kaiser*, it is the nonparty itself (Citibank) moving to quash a subpoena for its own proprietary information, not that of the defendant. Moreover, at issue here is a deposition subpoena— a context that is far less amenable to safeguards than the document production at issue in *Kaiser*.

## III. <u>Conclusion</u>

Had Plaintiff agreed to withdraw the Deposition Subpoena and reissue if necessary after Citibank's document production, this Motion likely would have been unnecessary. Citibank previously agreed to produce responsive documents by January 17, 2025, has not requested a further extension, and is in the process of gathering that production. Plaintiff persists with the Deposition Subpoena apparently because Citibank was unable to describe its responsive documents while it was in the early stages of gathering them in response to a Document Subpoena served shortly before Thanksgiving with a likewise holiday-adjacent, original deadline of December 16, 2025. Plaintiff's admission that she may not need to depose a Citibank representative at all, coupled with this Circuit's position on limiting nonparty discovery, weigh in favor of quashing this subpoena.

In the alternative, this Court should limit the Deposition Subpoena topics to information directly pertaining to Plaintiff Shanna Nachison's account and that cannot otherwise be addressed by AA. Finally, the Court should order that compliance with the Deposition Subpoena be postponed until late February 2025,

//

//

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH

1  and that the parties meet and confer regarding the necessity of the deposition after

2  Plaintiff has received and reviewed document productions from Citibank and AA.

3  DATED:  January 16, 2025                    BALLARD SPAHR

4

5  By:  /s/ Angela L. Scott
                                                    Angela L. Scott

6  Attorney for Defendant
   CITIBANK, N.A.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 16,2025 I, electronically filed a true and correct copy of the foregoing through the Court's CM/ECF system, which will send a notice of electronic filing to all parties.

/s/*Angela L. Scott*

Angela L. Scott

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH