# Exhibit 1

**Ballard Spahr LLP**

2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
TEL 424.204.4400
FAX 424.204.4350
www.ballardspahr.com

Angela Scott
Tel: (424) 204-4330
scotta@ballardspahr.com

December 16, 2024

*Via FedEx and E-mail*

Alex R. Straus
Milberg Coleman Bryson Phillips Grossman
280 S. Beverly Dr., PH Suite
Beverly Hills, CA 90212

Re:   <u>Subpoenas for Documents and Deposition Testimony in US v. Nachison, 24-cv-530</u>

Dear Mr. Straus:

    Our office represents non-party Citibank, N.A. ("Citibank") in connection with the subpoena to testify dated November 15, 2024 (hereinafter, the "Deposition Subpoena"), and to the subpoena to produce documents, information or objects also dated November 15, 2024 (hereinafter, the "Subpoena Duces Tecum"). These subpoenas are hereinafter collectively referred to as the "Subpoenas." Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Citibank, through its undersigned counsel, hereby objects to the Subpoenas on the following grounds.

## General Objections

    Citibank is a non-party to this action. The following responses are based on Citibank's knowledge, information and belief at this time. Citibank assumes no obligation to voluntarily supplement or amend these responses to reflect information, evidence, documents or things discovered following service of these responses. These responses were prepared based on Citibank's good faith interpretation and understanding of the individual requests made in the Subpoenas and are subject to correction for inadvertent errors or omissions, if any.

    1.    Citibank objects to each deposition topic ("Topic") and document request ("Request") as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and oppressive. Reviewing and producing the requested documents will require numerous hours of employee and administrative time, and counsel who issued the Subpoenas has not offered to pay for reasonable costs and expenses, including employee time.

Alex R. Straus
December 16, 2024
Page 2

      2.      Citibank objects to each Topic and Request to the extent that they are vague, overly broad, and ambiguous, and no arrangement has been made to reimburse Citibank for its expenses in complying with the subpoena.

      3.      Citibank objects to each Topic and Request to the extent that they seek testimony, documents or things that are neither relevant to the subject matter of the underlying action nor proportional to the needs of the underlying case.

      4.      Citibank objects to each Topic and Request to the extent they seek confidential, trade secret, or proprietary business, technical, marketing or financial information, or any other confidential material.

      5.      Citibank objects to each Topic and Request to the extent they seek material that Citibank is under an obligation to any third-party not to disclose, including documents that would require breach of a contract or any duty to maintain confidentiality of third-party information.

      6.      Citibank objects to each Topic and Request to the extent they seek confidential and private customer information protected by statutory and/or common law rights of privacy.

      7.      Citibank objects to each Topic and Request to the extent they seek information protected by the attorney-client privilege, work product immunity, joint defense privilege, or any other applicable privilege, immunity, or protection, or to the extent that they require legal judgments.

      8.      Citibank objects to each Topic and Request to the extent they seek information or documents that are a matter of public record or could be obtained from defendant.

      9.      Citibank objects to each Topic and Request to the extent they seek to impose obligations beyond what is required in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, applicable court orders, or stipulations or agreements of the parties.

      10.      Citibank objects to each Topic and Request as overly broad and unduly burdensome to the extent that they can be interpreted in such a way as to require Citibank to search for documents beyond Citibank's possession, custody, or control.

      11.      Citibank objects to each Topic and Request to the extent that they call for opinions and judgments, which is wholly inappropriate for a third-party fact witness.

      12.      Citibank objects to each Topic and Request to the extent they seek to obtain documents from Citigroup Inc. or any entity other than Citibank, N.A., a national bank located in Sioux Falls, South Dakota.

Alex R. Straus
December 16, 2024
Page 3

      13.     Citibank objects to any reference to "Exploitative Practices" in a Topic or Request as vague.

      14.     Citibank objects to the request for a deposition on December 30, 2024, and the date of the extension permitted by Plaintiff's counsel, that is, January 17, 2024, as these dates are inconvenient and unavailable for the deponent and counsel. The December 30, 2024 date involves a date and time for a deposition that was not cleared in advance with Citibank or its counsel.

      15.     Citibank objects that Plaintiff did not include a conformed copy of any protective order in this case, or any protective order for that matter. The Subpoenas request testimony about, and documents or records that contain, material or subjects consisting of trade secrets and proprietary information of Citibank, all of which is highly sensitive, about which Citibank will not testify or provide documents absent a suitable protective order.

      16.     Plaintiff has not agreed to compensate Citibank in any way for the costs of responding. A party responsible for issuing a Rule 45 subpoena is required to take reasonable steps to avoid imposing undue burden or expense on a party subject to that subpoena. Given the broad nature of the topics and requests here, Citibank objects to responding unless Plaintiff and Citibank reach an agreement on both the necessary scope of production and Citibank's attorneys' fees and costs.

**Objections to Definitions and Instructions**

      17.     Regarding the Subpoena Duces Tecum, Citibank objects to the definition for the term "communications" as overly broad and inclusive of attorney work product and communications subject to the attorney-client privilege.

      18.     Regarding the Subpoena Duces Tecum, Citibank objects to the definition of the term "documents" as overly broad, beyond the appropriate scope of the definition of documents under Rule 34(a)(1)(A), and inclusive of attorney work product and documents protected under the attorney-client privilege. Further, the definition is beyond a reasonable scope in the context of a third-party subpoena.

      19.     In the Subpoena Duces Tecum, Citibank objects to the definition of the term "Citibank," "Citibank, N.A.," "You," or "Your" as overly broad and inclusive of Citibank's counsel, and, as such, encompassing attorney work product and privileged communications subject to the attorney client privilege.

      20.     In the Subpoena Duces Tecum, Citibank objects to the definition of "American," "American Airlines," or "Defendant" as overly broad and inclusive of American's attorneys.

Alex R. Straus
December 16, 2024
Page 4

**Specific Objections to Deposition Topics**

- **Topic 1**: "The technical architecture and software used in relation to the Citibank-branded credit card partnership with American Airlines."

**Response to Topic 1**: Beyond the general objections stated above, Citibank objects to the terms "Citibank branded credit card partnerships with American Airlines," and "technical architecture" as undefined and, therefore, overly broad and vague. Citibank objects to this broad topic, particularly considering its status as a non-party to this action. Citibank objects on the grounds that software used in its relationship with American Airlines is not relevant or proportional to the needs of this case. Citibank objects on the grounds that it is unduly burdensome to the extent that the same information could be obtained from defendant. Citibank objects to this Topic to the extent that it requires Citibank to become an expert witness in this dispute.

- **Topic 2**: "The bonus mile accrual process, fraud detection systems, account management policies, and procedures for account terminations or suspensions related to the Citibank-branded credit card partnerships with American Airlines."

**Response to Topic 2**: Beyond the general objections stated above, Citibank objects to this broad topic, particularly considering its status as a non-party to this action. Citibank objects on the grounds that it is unduly burdensome to the extent that the same information could be obtained from defendant. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects to this Topic to the extent that it requires Citibank to become an expert witness in this dispute. Citibank objects to this Topic as overly broad given that it has no date range and calls for all account management policies.

- **Topic 3**: The contractual agreements and financial arrangements between Citibank and American Airlines, Inc. regarding the AAdvantage program, revenue-sharing models, comparisons with other Citibank-branded credit card partnerships, and the financial impact of program changes or account terminations.

**Response to Topic 3**: Beyond the general objections stated above, Citibank objects to this broad topic, particularly considering its status as a non-party to this action. Citibank objects on the grounds that it is unduly burdensome to the extent that the same information could be obtained from defendant. Citibank objects on the grounds that its agreements with American Airlines, revenue and financial information of all types, and information about other partnerhsips is not relevant or proportional to the needs of this case. Citibank objects to this Topic to the extent that it requires Citibank to become an expert witness in this dispute. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Topic 4**: The marketing strategies, promotional campaigns, and communications with American Airlines related to AAdvantage credit card.

Alex R. Straus
December 16, 2024
Page 5

**Response to Topic 4**: Beyond the general objections stated above, Citibank objects to this broad topic, particularly considering its status as a non-party to this action. Citibank objects on the grounds that it is unduly burdensome to the extent that the same information could be obtained from defendant. Citibank objects to this Topic to the extent that this request calls for Citibank's counsels' communications with American Airlines counsel. Such a request is well outside the scope of Rule 45 and calls for attorney work product. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects to this Topic as overly broad given that it has no date range and calls for all marketing information and communications related to the AAdvantage credit card. Citibank objects to the term "marketing strategies" as vague. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Topic 5**: The procedures followed to detect and prevent fraudulent activity, internal investigations into exploitative practices or fraud, any audits or reviews conducted to ensure adherence to those standards, and communications with American Airlines related to alleged fraud and AAdvantage account closures.

**Response to Topic 5**: Beyond the general objections stated above, Citibank objects to this broad topic, particularly considering its status as a non-party to this action. Citibank objects on the grounds that it is unduly burdensome to the extent that the same information could be obtained from defendant. Citibank objects to this Topic to the extent that this request calls for Citibank's counsels' communications with American Airlines counsel. Such a request is well outside the scope of Rule 45 and calls for attorney work product. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects to this Topic to the extent that it requires Citibank to become an expert witness in this dispute and to draw legal conclusions. Citibank objects to this Topic as overly broad given that it has no date range and, therefore, calls for information irrelevant to the underlying action. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Topic 6**: The financial impact of the AAdvantage program on Citibank, including revenues generated, costs associated with account terminations or fraud prevention efforts, and any reporting or financial analysis related to the performance of the program.

**Response to Topic 6**: Beyond the general objections stated above, Citibank objects to this broad topic, particularly considering its status as a non-party to this action. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects to this Topic to the extent that it requires Citibank to become an expert witness in this dispute. Citibank objects on the grounds that the information sought is proprietary and confidential.

Alex R. Straus
December 16, 2024
Page 6

**Specific Objections to Citibank's Document Requests**

- **Request 1**: All copies of agreements, contracts, memoranda of understanding, or other written Documents between Citibank and American Airlines, relating to the Citibank-AAdvantage credit card program, Including any amendments, addenda, or related Documents from inception to the present.

**Response to Request 1**: Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action. Citibank objects on the grounds that it is unduly burdensome to the extent that the same information could be obtained from defendant. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Request 2**: All promotional materials, advertisements, and Communications distributed to potential cardholders from 2017 to 2020 Regarding the Citibank-AAdvantage credit card program, Including but not limited to brochures, flyers, digital media, email campaigns, and Documents detailing promotional terms, offers, and conditions.

**Response to Request 2**: Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action. Citibank objects on the grounds that it is unduly burdensome to the extent that the same information could be obtained from defendant. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Request 3**: All Communications between Citibank and American Airlines, concerning the Citibank-AAdvantage credit card program, Including but not limited to promotional materials, marketing campaigns, policies, procedures, audits, terms and conditions, customer Communications, and Communications related to the termination of AAdvantage accounts.

**Response to Request 3**: Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action. Citibank objects on the grounds that it is unduly burdensome to the extent that the same information could be obtained from defendant. Citibank objects to this Request to the extent that this request calls for Citibank's counsels' communications with American Airlines' counsel, as such a request is well outside the scope of Rule 45 and calls for attorney work product. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Request 4**: All internal policies, procedures, guidelines, or protocols implemented by Citibank governing the issuance, management, and administration of Citibank-

Alex R. Straus
December 16, 2024
Page 7

AAdvantage credit cards, Including those relating to eligibility, creditworthiness, bonuses, rewards, and fulfillment of Bonus Miles promotions.

**Response to Request 4**: Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action. Citibank objects to this Topic as overly broad given that it has no date range[1] and, therefore, calls for information irrelevant to the underlying action. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Request 5**: All Documents, reports, analyses, and correspondence related to Citibank's actions, Including any responses, decisions, or Communications, in connection with the termination or suspension of AAdvantage accounts by American Airlines, if any, and any internal reviews or investigations conducted as a result.

**Response to Request 5**: Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action. Citibank objects to this Request to the extent that this request calls for Citibank's counsels' communications with American Airlines' counsel, as such a request is well outside the scope of Rule 45 and calls for attorney work product. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Request 6**: All reports, analyses, or Documents generated by Citibank Regarding potential or alleged fraud in connection with Citibank-AAdvantage credit card promotions, Including any investigation findings, risk assessments, and preventive measures taken.

**Response to Request 6**: Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action. Citibank objects to this Request as calling for irrelevant information given that it has no date range and demands information pertaining to any type of fraud. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Request 7**: All Documents and Communications within Citibank that relate to, refer to, or pertain to the AAdvantage program's terms and conditions, Including but not limited

---

[1] Although "Relevant Time Period" is defined as 2018 to the present, this term is not applied to any of the requests.

Alex R. Straus
December 16, 2024
Page 8

to Documents sufficient to identify any changes made to the AAdvantage terms and conditions or restrictions.

**Response to Request 7**:  Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action.  Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential. Citibank objects to the extent this Request seeks information or documents that are a matter of public record, could be obtained from defendant, or are not available to Citibank.

- **Request 8**:  All Documents relating to any Complaints, inquiries, or Communications from any Person Regarding AAdvantage account closures, forfeited miles, or canceled flights as a result of AAdvantage account closures due to allegations of fraud.

**Response to Request 8**:  Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action.  Citibank also objects to this request as overly broad and as seeking irrelevant information in that it has no date range and arguably encompasses every fraud-related account closure in the history of the existence of the AAdvantage accounts.  Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.  Citibank objects to the extent this Request seeks information or documents that are a matter of public record, could be obtained from defendant, or are not available to Citibank.

- **Request 9**:  All internal Communications within Citibank Regarding differences between the AAdvantage program and promotions with other companies, Including but not limited to, accounts with multiple cards, and what constitutes fraudulent activity surrounding those accounts.

**Response to Request 9**:  Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action.  Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Request 10**:  All Communications between Citibank and American Airlines Regarding AAdvantage account promotions, Including but not limited to AAdvantage card restrictions and AAdvantage account closures due to an alleged fraud or "Exploitative Practice."

**Response to Request 10**:  Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action.  Citibank objects to this Request to the extent that this request calls for Citibank's counsels' communications with American Airlines' counsel, as such a request is well outside the scope of Rule 45 and calls for attorney work product.  Citibank objects on the grounds that it is unduly burdensome to the

extent that the same information could be obtained from defendant. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Request 11**: All Documents that define or otherwise explain what constitutes fraudulent activity concerning Citibank cardholder accounts.

**Response to Request 11**: Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action. Citibank further objects to this Request as irrelevant, as it has no date range and encompasses fraudulent activity unrelated to the underlying action. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Request 12**: All Documents and Communications, either internal or external, evidencing the sale or transfer of AAdvantage miles to Citibank for use in AAdvantage card promotions.

**Response to Request 12**: Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action. Citibank objects on the grounds that it is unduly burdensome to the extent that the same information could be obtained from defendant. Citibank objects to this Request to the extent that this request calls for Citibank's counsels' communications with American Airlines' counsel, as such a request is well outside the scope of Rule 45 and calls for attorney work product. Citibank further objects to this Request as irrelevant, as it has no date range and encompasses the sale or transfer of miles unrelated to the underlying action. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Request 13**: All Communications between Citibank and American Airlines concerning the cancellation of miles credited to Citibank-AAdvantage cardholders.

**Response to Request 13**: Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action. Citibank objects to this Request to the extent that this request calls for Citibank's counsels' communications with American Airlines' counsel, as such a request is well outside the scope of Rule 45 and calls for attorney work product. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case, including because this request has no date limitation and includes cancelation for any reason. Citibank objects on the grounds that the information sought is proprietary and confidential.

Alex R. Straus
December 16, 2024
Page 10

- **Request 14**: Organizational charts or other Documents sufficient to identify the agents or employees of Citibank involved in the investigation and/or termination of AAdvantage accounts due to alleged fraud or "Exploitative Practices."

**Response to Request 14**:  Beyond the general objections stated above, Citibank objects to this Request to the extent it seeks information regarding agents or employees that investigated or terminated AAdvantage accounts for reasons irrelevant to the underlying action.  Citibank also objects to this Request as vague regarding "employees … involved in."  Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case.  Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Request 15**: Organizational charts or other Documents sufficient to identify the agents or employees of Citibank involved in the development, design, production, and/or dissemination of Marketing Materials related to the AAdvantage program.

**Response to Request 15:**  Beyond the general objections stated above, Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Response to Request 16**: Organizational charts or other Documents sufficient to identify the agents or employees of Citibank involved in the development of AAdvantage credit cards.

**Response to Request 16:**  Beyond the general objections stated above, Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Request 17**:  All Communications Regarding the use of pre-filled and/or editable forms for AAdvantage credit card applications and AAdvantage promotions.

**Response to Request 17**:  Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action.  Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Request 18**:  All hyperlinks, and copies of the webpages associated with those hyperlinks, which were provided to AAdvantage cardholders.

**Response to Request 18**:  Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action.  Citibank objects on the grounds that it is unduly burdensome to the extent that the same information could be obtained from defendant.  Citibank objects on the grounds that the information sought is not

Alex R. Straus
December 16, 2024
Page 11

relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Request 19:** All Documents Regarding the financial impact on Citibank as a result of AAdvantage account closures due to an alleged fraud or "Exploitative Practice."

**Response to Request 19**: Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

- **Request 20:** All Documents, Including but not limited to data, databases, charts, and Communications, Regarding the exchange of information between Citibank and American Airlines concerning the AAdvantage program.

**Response to Request 20**: Beyond the general objections stated above, Citibank objects to this broad request, particularly considering its status as a non-party to this action. Citibank also objects to this Request as irrelevant because it contains no date range and seeks information unrelated to the underlying action. Citibank objects to this Request to the extent that this request calls for Citibank's counsels' communications with American Airlines' counsel, as such a request is well outside the scope of Rule 45 and calls for attorney work product. Citibank objects on the grounds that the information sought is not relevant or proportional to the needs of this case. Citibank objects on the grounds that the information sought is proprietary and confidential.

Subject to, and without waiving, the foregoing objections, Citibank is in the process of searching for reasonably available non-privileged, non-confidential documents responsive to the subpoena.

If you wish to discuss Citibank's objections, please contact me directly.

Best regards,

*[signature]*

Angela Scott

Alex R. Straus
December 16, 2024
Page 12

## CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of December, 2024, that a copy of the foregoing document was sent via e-mail to Alex R. Strauss at astraus@milberg.com.

      I further certify that a copy of the foregoing document was sent via overnight FEDEX delivery to :

Alex R. Straus
Milberg Coleman Bryson Phillips Grossman
280 S. Beverly Dr., PH Suite
Beverly Hills, CA 90212


/s/ *Angela Scott*