1

2

3

4                                UNITED STATES DISTRICT COURT

5                             NORTHERN DISTRICT OF CALIFORNIA

6                                      SAN JOSE DIVISION

7

8       SHANNA NACHISON, et al.,                    Case No. 24-cv-00530-PCP (VKD)

        Plaintiffs,
9
                                                    **ORDER RE NON-PARTY CITIBANK'S**
10              v.                                  **MOTION TO QUASH DEPOSITION**
                                                    **SUBPOENA**
11      AMERICAN AIRLINES, INC.,
                                                    Re: Dkt. No. 61
12              Defendant.

13

14          Non-party Citibank, N.A. ("Citibank") moves to quash plaintiff Shannon Nachison's

15  deposition subpoena. Dkt. No. 61. Ms. Nachison opposes the motion. Dkt. No. 64. The Court

16  held a hearing on the matter on January 28, 2025. Dkt. No. 69. Defendant American Airlines,

17  Inc. did not take a position on the motion to quash, but did participate in the hearing. *Id.*

18          Having considered the moving and responding papers, and the oral arguments presented,

19  the Court grants in part and denies in part Citibank's motion to quash.

20  **I.      BACKGROUND**

21          Ms. Nachison filed an original complaint in this putative class action on January 29, 2024

22  and an amended complaint on February 14, 2024. Dkt. Nos. 1, 14. She alleges that defendant

23  American Airlines, Inc. ("AA") wrongfully terminated her AAdvantage program account,

24  resulting in the loss of airlines miles awarded after she obtained and used multiple, co-branded

25  Citi-AAdvantage credit cards. *See* Dkt. No. 14 ¶¶ 81-92. She asserts claims for breach of contract

26  and unjust enrichment on behalf of herself and a nationwide class of AAdvantage members whose

27  accounts were "terminated by AA based on allegations of fraud related to the AAdvantage

28  member's application for, opening of, or use of a Citi-AAdvantage credit card . . . ." *Id.* ¶¶ 235-

United States District Court
Northern District of California

1    236, 248-269; *see also* Dkt. No. 40; Dkt. No. 52.

2         On November 19, 2024, Ms. Nachison served subpoenas for documents and deposition

3    testimony on Citibank.  Dkt. No. 61-2.  The deposition subpoena, which is the only subpoena at

4    issue here, asks Citibank to provide testimony from a "person most knowledgeable"[1] about the

5    following topics:

6         Citibank's AAdvantage credit cards, Citibank AAdvantage credit card
          program, Citibank AAdvantage promotions, and any other information that
7         pertains, relates or refers to the partnership between American Airlines, Inc. and
          Citibank, N.A. including:
8

9         1. The technical architecture and software used in relation to the Citibank-
          branded credit card partnerships with American Airlines.
10

11        2. The bonus mile accrual process, fraud detection systems, account
          management policies, and procedures for account terminations or suspensions
12        related to the Citibank-branded credit card partnerships with American Airlines.

13        3. The contractual agreements and financial arrangements between
          Citibank and American Airlines, Inc. regarding the AAdvantage program,
14        revenue-sharing models, comparisons with other Citibank-branded credit card
          partnerships, and the financial impact of program changes or account
15        terminations.

16        4. The marketing strategies, promotional campaigns, and communications
          with American Airlines related to the AAdvantage credit card.
17

18        5. The procedures followed to detect and prevent fraudulent activity,
          internal investigations into exploitative practices or fraud, any audits or reviews
19        conducted to ensure adherence to those standards, and communications with
          American Airlines related to alleged fraud and AAdvantage account closures.
20

21        6. The financial impact of the AAdvantage program on Citibank, including
          revenues generated, costs associated with account terminations or fraud
22        prevention efforts, and any reporting or financial analysis related to the
          performance of the program.
23

24   *Id.* at ECF 5-6.  The subpoena identifies the place of compliance as "via videoconference" and

25   advises that "the [d]eponent and all parties will be appearing remotely from their own locations."

26

27   ───────────────

28   [1] The Court construes this as a request for a deposition of a corporate representative to testify on
     Citibank's behalf pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  *See* Fed. R.
     Civ. P. 30(b)(6); Fed. R. Civ. P. 45(a)(1)(A).

United States District Court
Northern District of California

1   *Id.* at ECF 6, 8.

2          Fact discovery in this case closes on March 5, 2025.  Dkt. No. 56.

3   **II.     LEGAL STANDARD**

4          Rule 45 of the Federal Rules of Civil Procedure governs discovery of non-parties.  The

5   scope of allowable discovery under Rule 45 is the same as the scope of discovery permitted under

6   Rule 26(b).  *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 16-mc-80062-JSC,

7   2016 WL 3162218, at \*2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory committee

8   note (1970)).  Rule 26 permits discovery "regarding any non-privileged matter that is relevant to

9   any party's claim or defense and proportional to the needs of the case considering the importance

10  of the issues at stake in the action, the amount in controversy, the parties' relative access to

11  relevant information, the parties' resources, the importance of the discovery in resolving the

12  issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

13  Fed. R. Civ. P. 26(b)(1).  However, Rule 45 also requires "[a] party or attorney responsible for

14  issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or

15  expense on a person subject to the subpoena," and instructs that "[t]he court for the district where

16  compliance is required must enforce this duty . . . ."  Fed. R. Civ. P. 45(d)(1); *see also* Fed. R. Civ.

17  P. 45(d)(3)(A).  Additionally, Rule 26 provides that the court must limit discovery that is

18  "unreasonably cumulative or duplicative, or can be obtained from some other source that is more

19  convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).

20         A non-party may move to quash or modify a subpoena under Rule 45(d)(3)(A) if it:

21  (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond the

22  geographical limits specified in Rule 45(c), (3) requires disclosure of privileged or other protected

23  matter, if no exception or waiver applies, or (4) subjects a person to undue burden.  "The Ninth

24  Circuit has long held that nonparties subject to discovery requests deserve extra protection from

25  the courts."  *Lemberg Law LLC v. Hussin*, No. 3:16-mc-80066-JCS, 2016 WL 3231300, at \*5

26  (N.D. Cal. June 13, 2016) (quotation omitted); *see United States v. C.B.S.*, Inc., 666 F.2d 364, 371

27  (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and

28  discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    to which they are not a party."). Courts in this district have consequently held that "[o]n a motion

2    to quash a subpoena, the moving party has the burden of persuasion . . ., but the party issuing the

3    subpoena must demonstrate that the discovery sought is relevant." *Chevron Corp. v. Donziger*,

4    No. 3:12-mc-80237-CRB, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citation omitted);

5    *see also Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 5:14-mc-80095-LHK, 2014 WL

6    1477651, at *2 (N.D. Cal. Apr. 14, 2014) ("The party issuing the subpoena must demonstrate that

7    the information sought is relevant and material to the allegations and claims at issue in the

8    proceedings.") (quotation omitted).

9    **III.    DISCUSSION**

10          Citibank moves to quash Ms. Nachison's deposition subpoena on four grounds: (1) the

11   subpoena seeks testimony that is irrelevant, overbroad, and not described with particularity; (2) it

12   calls for Citibank to provide information that could be obtained from defendant AA; (3) deposition

13   testimony is unnecessary, given that Citibank will produce documents responsive to the document

14   subpoena; and (4) the subpoena seeks "sensitive and protected" information, including

15   information covered by the attorney-client privilege and the work product doctrine. Dkt. No. 61 at

16   ECF 7. The Court addresses each of these grounds.

17          **A.    Relevance, Overbreadth, and Particularity**

18          Citibank argues that the deposition subpoena is "overbroad," and seeks information that is

19   not relevant to a claim or defense. Dkt. No. 61 at ECF 13-14. Specifically, Citibank observes that

20   it is not a party to the contract that Ms. Nachison says AA breached and no claims are asserted

21   against it in the action. For this reason, Citibank argues, the following matters are not relevant:

22   "software [and] technical architecture" (topic 1), "contracts with AA, marketing strategies and

23   revenue-sharing models, [and] comparisons with other Citibank-branded partnerships" (topic 3),

24   and "the financial impact of the AAdvantage program on Citibank" (topic 6). *Id.* at ECF 14.

25   Citibank does not contend that the matters described in topics 2, 4, and 5 are not relevant.

26          Ms. Nachison responds that all of the topics directly relate to her claims that AA

27   improperly terminated her account based on her use of Citi-AAdvantage credit cards, including

28   "fraudulently opening or using" such cards. Dkt. No. 64 at ECF 7-8. Apart from this conclusory

1    assertion, she does not explain how or why the testimony she seeks from Citibank is relevant to

2    her breach of contract and unjust enrichment claims, her damages theories, or matters bearing on

3    class certification.  She invites the Court to modify the subpoena rather than quash it.  *Id.* at ECF

4    8.

5         The Court agrees with Citibank that topics 1, 3 and 6 in the deposition subpoena do not

6    describe matters that are relevant to any claim or defense, damages theory, or class certification

7    issue, and Ms. Nachison has not shown otherwise.  Citibank makes no specific arguments about

8    the relevance of the matters described in topics 2, 4 and 5, although it does contend generally that

9    none of the topics are "described with particularity" or are limited to a relevant time period.[2]  Dkt.

10   No. 61 at ECF 14.

11        As discussed at the hearing, the critical question on which Ms. Nachison appears to require

12   discovery from Citibank is whether and to what extent AA relies on information or analysis

13   provided by Citibank in ascertaining the existence of circumstances justifying termination of an

14   AAdvantage account and/or elimination of accrued miles.  To the Court's surprise, neither counsel

15   for Citibank nor counsel for AA could provide a satisfactory answer to this question, even though

16   the parties have been litigating for a year.  At least some of Ms. Nachison's deposition subpoena

17   topics seem to be directed to answering this question—namely, topics 2, 4 and 5.

18        To the extent Citibank argues that topics 2, 4 and 5 encompass wholly irrelevant subject

19   matter, the Court disagrees.  However, the Court agrees with Citibank that topic 4—to the extent it

20   seeks testimony about all "marketing strategies, promotional campaigns, and communications

21   with American Airlines related to the AAdvantage credit card"—is overbroad and does not

22   describe relevant subject matter with reasonable particularity.  Likewise, the Court also agrees

23   with Citibank that topic 5—to the extent it seeks testimony about all "procedures,"

24   "investigations," "audits," "reviews" and "communications with American Airlines" related to

25   "fraud" or "exploitive practices" in connection with "AAdvantage account closures"—is

26   overbroad and does not describe relevant subject matter with reasonable particularity.  That leaves

27

28
_____
[2] No one briefed the Court on what the relevant time period might be.

United States District Court
Northern District of California

1    topic 2.

2         The Court addresses below Citibank's separate argument that Ms. Nachison should seek

3    discovery regarding most or all of these topics from defendant AA rather than Citibank.

4         **B.     Information in Defendant's Possession**

5         Citibank argues that the information Ms. Nachison seeks is "likely available from AA,"

6    and Citibank should not bear the burden of providing discovery Ms. Nachison could obtain from a

7    party to the litigation.  Dkt. No. 61 at ECF 14-15.  Ms. Nachison does not disagree that much of

8    the discovery she seeks from Citibank should be available from defendant AA, but she argues that

9    AA "has been slow to produce documents," has not provided any deposition testimony, and may

10   not have the information Ms. Nachison seeks.  Dkt. No. 64 at ECF 8-9.

11        Ms. Nachison's failure to diligently seek or obtain discovery from defendant AA does not

12   justify her efforts to obtain that same discovery instead from non-party Citibank.  *See Nidec Corp.*

13   *v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to

14   burden nonparties when the documents sought are in possession of the party defendant.").  Ms.

15   Nachison does not describe the specific discovery requests she has served on AA or state when she

16   served these requests.  However, a review of the docket in this action reflects that Ms. Nachison

17   has not brought any dispute about AA's failure to comply with its discovery obligations to the

18   Court's attention for resolution.  Absent a showing that AA does not have responsive information,

19   Citibank is entitled an order quashing the subpoena as to information likely to be in AA's

20   possession.

21        As the Court finds that only the matters described in topics 2, 4 and 5 are relevant, the

22   Court considers to what extent Ms. Nachison should be required to seek testimony regarding these

23   topics from AA, or at least from AA in the first instance.

24        Topic 2 asks for testimony regarding "[t]he bonus mile accrual process, fraud detection

25   systems, account management policies, and procedures for account terminations or suspensions

26   related to the Citibank-branded credit card partnerships with American Airlines."  It is not clear

27   from the briefing on the motion to quash which of these matters are within Citibank's control or as

28   to which Citibank provides information or analysis, but the Court construes this topic as directed

United States District Court
Northern District of California

1    only to Citibank's own processes, systems, policies, and conduct related to the Citi-AAdvantage

2    credit card program.  Thus, to the extent Citibank plays a role in an AAdvantage member's accrual

3    of AA "bonus miles" associated with opening and using a Citi-AAdvantage credit card, the

4    detection of "fraud" associated with such cards, or AAdvantage account "terminations or

5    suspensions" related to such cards, Citibank should be prepared to identify a corporate

6    representative who can testify regarding *Citibank's* role in these matters, but not AA's role.

7    　　　　As explained above, the Court finds that topics 4 and 5 are overbroad and do not describe

8    the matters for deposition with reasonable particularity.  To the extent these topics seek

9    information about *AA's* own policies, practices, procedures, investigations, audits, reviews, and

10   communications relating to "fraud" or "exploitative practices" involving Citi-AAdvantage credit

11   cards, the Court also finds there is no justification for requiring Citibank to prepare a corporate

12   representative to testify about these matters.

13   　　　　**C.**　　　**Document Production in Lieu of Deposition Testimony**

14   　　　　Citibank argues that Ms. Nachison's document subpoena seeks documents that overlap

15   with many of the topics in the deposition subpoena, and it argues that a deposition is likely to be

16   "duplicative" of its document production.  Dkt. No. 61 at ECF 12-13.  Ms. Nachison

17   acknowledges that she may determine that deposition testimony from Citibank is not necessary or

18   that more limited testimony is sufficient, but she points out that at the time of briefing Citibank

19   had produced no responsive documents.  Dkt. No. 64 at ECF 6.  Indeed, at the hearing on this

20   motion, counsel for Citibank advised that while Citibank had produced some responsive

21   documents, others remained outstanding, and counsel could not provide a date certain for

22   completing the production.  Dkt. No. 69.

23   　　　　The Court denies Citibank's motion to quash on this ground, as it has not shown that its

24   document production is (or will be) sufficient to address any relevant deposition topic.

25   　　　　**D.**　　　**Sensitive or Protected Information**

26   　　　　Finally, Citibank argues that the deposition subpoena would require it to disclose

27   confidential information about its business affairs.  Dkt. No. 61 at ECF 15.  In addition, Citibank

28   argues that the subpoena should be quashed or modified to the extent it would require a deponent

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1    to testify about privileged communications or work product.  *Id.* at ECF 15-16.  Ms. Nachison

2    disavows any intention to seek testimony about privileged communications or work product.  Dkt.

3    No. 64 at ECF 10 n.3.  As for confidential information, Ms. Nachison argues that the protective

4    order affords Citibank adequate protections.  *Id.* at ECF 9-10.

5           The Court denies Citibank's motion to quash on this ground.  The Court agrees that

6    Citibank may rely on the protective order to protect any confidential information properly within

7    the scope of a relevant deposition topic.  Objections regarding deposition questions that would

8    elicit protected privilege or work product material are best made on the record during the

9    deposition, and if necessary, Citibank may terminate the deposition to seek a protective order.

10   *See, e.g., Lee v. City of San Jose,* No. 23-cv-00778-PCP (VKD), 2024 WL 3748360, at *2 (N.D.

11   Cal. Aug. 9, 2024) (discussing procedure).

### IV.    CONCLUSION

13          For the reasons explained above, the Court grants Citibank's motion to quash Ms.

14   Nachison's deposition subpoena, with the exception of topic 2, which the Court has construed as

15   described above, and subject to the condition that Ms. Nachison identify the relevant time period.

16   Citibank must identify a corporate representative who is prepared to testify regarding this topic (as

17   construed by the Court) no later than March 4, 2025, the close of fact discovery, *unless* Citibank

18   and Ms. Nachison agree otherwise *and* Ms. Nachison obtains the presiding judge's approval for

19   the deposition to proceed after the close of fact discovery.

20          **IT IS SO ORDERED.**

21   Dated: January 30, 2025

23                                                      Virginia K. DeMarchi

24                                                      Virginia K. DeMarchi
                                                        United States Magistrate Judge

8